## LOWE v. GREYHOUND CORPORATION.
### No. 12.

District Court, D. Massachusetts.
Nov. 30, 1938.

Fusaro & Fusaro, of Worcester, Mass., for plaintiff.

Barrett Elkins, of Boston, Mass., for defendant.

McLELLAN, District Judge.

The defendant moves that the plaintiff be ordered to further answer defendant's interrogatories numbered 10, 15, 22, 24, 25, 26, 31, 34, 38 and 39.

The interrogatories propounded by the defendant are forty in number and one of them has five sub-divisions. The action is of a civil nature of a type formerly cognizable as a case at law in which interrogatories would not have been permissible. By virtue of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided in substance that in any civil action, whether originally cognizable as a case at law or in equity, any party may serve written interrogatories upon any adverse party. The requirement of the rule is that the interrogatories shall be answered separately and fully, in writing and under oath, and signed by the party upon whom served. It is provided that the party served may, within ten days after service, present to the court his objections to any interrogatories. No such objections were presented and accordingly the question whether one may, with propriety, use an apparently mimeographed set of interrogatories of the type here involved, adding thereto merely the title and number of the case and his signature by counsel, may receive future consideration.

Interrogatory 10, as to which the defendant seeks a more complete answer, reads: "10. Please state in detail whatever objective injuries you noted immediately following the accident." And the answer reads: "Bleeding profusely." As to this answer, the defendant says: "This is entirely indefinite and evasive. If the only objective injury was bleeding, the plaintiff should be required to state from what part of the anatomy the plaintiff was bleeding." But the question was not what objective injuries were received by the plaintiff, but what the plaintiff noted immediately following the alleged accident. In response to the 19th interrogatory the plaintiff disclosed that he received a compound fracture of the left patella; in response to other interrogatories the plaintiff stated that he was thrown out of the bus, landing on the street, and was rendered unconscious; and in response to the 28th interrogatory, asking the result of certain X-rays, the plaintiff disclosed his physical condition rather fully. In view of the preciseness, the detailed character, and the number of interrogatories asked, I think the defendant has no cause for complaint because the plaintiff, being asked what he observed immediately after the accident, stated that he was "bleeding profusely."

The 15th interrogatory, to which the defendant seeks a further answer, asks what treatment was furnished the plaintiff to relieve his injuries, and he answered: "Operation, medicines, rest, medical advice, etc." Standing alone, it may be that this answer is subject to criticism, but in view of what is disclosed in other answers to the defendant's detailed interrogatories, I think justice does not require the ordering of a further answer to this interrogatory, save for the deletion of "etc." or a statement of what it stands for.

In its 22nd interrogatory, the defendant asked the plaintiff to enumerate in detail the charges made at the hospital, and the reply was that the plaintiff had not received the hospital bill. This is not a sufficient answer, because the plaintiff is under a duty to find out and disclose such hospital expenses.

In response to the 23d interrogatory the plaintiff disclosed the names of seven physicians and surgeons by whom he was treated, and having been asked in the 24th interrogatory to state the date of each visit and the nature of each treatment on each of the days stated by the physician or physicians recorded in answer to Interrogatory 23, the plaintiff answered: "Operation, hospitalization, medicines, medical advice, rest, at various times from the date of injury to date." While it may be that under the new Rules of Civil Procedure the right to interrogate an adverse party should receive a liberal construction, and that, as is the practice in the state court by virtue of a statute not here applicable, the interrogatories may with certain exceptions extend to all evidence admissible at the trial, there ought to be and I believe is room for the exercise of discretion in de-

termining whether to order further answers to interrogatories. I think, in view of the disclosures in other portions of the plaintiff's answers to interrogatories and under all the circumstances, the plaintiff's answer to Interrogatory 24 is so far sufficient that I ought not to require the plaintiff to do more.

The plaintiff's answer to the 25th interrogatory, to the effect that he has not received bills for charges made to him for treatments is insufficient and this interrogatory should be answered to the extent reasonably possible as a result of inquiries by him to his physicians.

The 26th interrogatory asks whether the plaintiff employed anybody to care for him as a nurse, etc., and I am not sure that I understand what is meant when the plaintiff answers: "No answer required." This interrogatory should be answered, as should the 31st, where the plaintiff is asked to itemize all expenses incurred as a result of the accident, to which he replies that he has not as yet received bills.

The 34th interrogatory asks the place of occupation and the compensation received therefor, and the answer gives only the weekly compensation received at Leominster, Mass. I think that the name of the plaintiff's employer should be disclosed.

The 38th interrogatory asks for an enumeration of the plaintiff's injuries and seeks to have the plaintiff classify them as temporary and permanent. The plaintiff's answer is that he suffered injury to right elbow, right shoulder, head, ears, brain, neck, left knee, left eye, right hand, nervous system, internal injuries, ulcers, fractured patella, fractured fibula, arthritis of cervical spine. I think this is enough, and that the plaintiff ought not to be required to express a medical opinion as to whether his injuries will prove permanent.

To the 39th interrogatory, asking whether the plaintiff has recovered from his injuries in whole or in part and to state from which of them he has recovered, and the date of further partial or complete recovery, the plaintiff answered: "Injury to left eye has healed." The plaintiff need not answer so much of this interrogatory as asks him to approximate the date of further partial or complete recovery, but I think he should make his answer to this interrogatory more complete in other respects.

Interrogatories 15, 22, 25, 26, 31, 34 and 39 should be answered as heretofore indicated within twenty days, and it is so ordered.