249 A.2d 81.

Robert Hodge *et al. vs.* Osteopathic General Hospital of Rhode Island *et al.*

January 8, 1969.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

4

PAOLINO, J. The narrow questions presented by this appeal are (1) whether the plaintiff, Robert Hodge, complied with the provisions of rule 33 of the rules of civil procedure of the superior court governing interrogatories and (2), if not, whether invoking of the sanction of dismissal by the trial justice was an abuse of discretion.

This cause is before us on plaintiff Robert Hodge's appeal from an order of the superior court dismissing his case against defendant, Stephen F. Urban, Jr., for failure to file additional answers to the interrogatories of defendant Urban.

This civil action was brought by Agnes Hodge and her husband Robert Hodge to recover for injuries suffered by the wife and incidental damages sustained by her husband as the result of the alleged negligence of defendants. The complaint alleges in substance that while the wife was a patient in the defendant hospital during pregnancy, defendant doctors negligently administered to her a spinal anesthetic without her consent and that as a result of the negligence of defendants, the wife contracted spinal meningitis, resulting in a severe, lengthy, painful and debilitating illness to the wife, and the husband has incurred and will continue to incur great expenses in attempting to cure his wife.

This proceeding, which involves only the case of the husband against Stephen F. Urban, Jr., arose under the following circumstances.[1] The complaint was filed on January 13, 1967. Pursuant to rule 33, defendant served interrogatories upon plaintiff on March 2, 1967. The two interrogatories which are the subject of this appeal are:

"2. State name and address of each doctor who treated your wife for the injuries alleged and the date of each treatment.
* * *

---

[1]We shall hereinafter refer to Robert Hodge as the plaintiff and to Stephen F. Urban, Jr., as the defendant.

"4. Give an itemized statement of the charges for each of the treatments on each of the dates listed in Answer No. 2."

The time in which to answer the interrogatories was by stipulation extended to March 31, 1967. On May 11, 1967, defendant filed a motion to dismiss the action because plaintiff had failed to answer interrogatories propounded to him. This motion was assigned for hearing on May 25, 1967. On the latter date plaintiff furnished defendant with the answers. The motion to dismiss was passed. On June 5, 1967, defendant filed a motion pursuant to rule 37 (a) to compel plaintiff to furnish more responsive answers to interrogatories 2 and 4, as well as to others not involved in this proceeding. The motion to compel was heard by the superior court on June 23, 1967, after which an order was entered directing plaintiff to furnish more responsive answers to interrogatories Nos. 2 and 4 within 45 days from June 23, 1967.

On August 21, 1967, no answers having been filed, defendant again filed a motion to dismiss pursuant to rule 37 for failure to comply with the order entered after the June 23, 1967 hearing. This motion was set down for hearing on September 21, 1967, but was continued from time to time until November 2, 1967, when it was heard by another justice of the superior court. After the hearing an order was entered granting defendant's motion conditioned upon plaintiff furnishing more responsive answers to the interrogatories on or before November 22, 1967. On the latter date the answers were provided to defendant's counsel.

The defendant concluded that plaintiff's answers to interrogatories 2 and 4 were in substance a restatement of the original replies which were held as not responsive by the superior court at the June 23, 1967 hearing. Accordingly, on December 4, 1967, he filed another motion to dismiss on the ground that plaintiff had failed to file more responsive answers to interrogatories Nos. 2 and 4, as or-

6

dered by the court on June 23, 1967. This motion was heard by a justice of the superior court on January 5, 1968, on the merits of plaintiff's answers to interrogatories 2 and 4. It appears from the record that in the answers furnished defendant on November 22, 1967, plaintiff gave the following replies to interrogatories 2 and 4.[2] For convenience we repeat the interrogatories.

"2. State name and address of each doctor who treated your wife for the injuries alleged and the date of each treatment.
* * *

"4. Give an itemized statement of the charges for each of the treatments on each of the dates listed in Answer No. 2."

In reply to interrogatory No. 2 plaintiff furnished the names and addresses of the doctors who had treated his wife, but with respect to three of them he stated in substance that he was unable to give the date of each treatment because he did not know the exact dates thereof. His reply to interrogatory No. 4 consists of the names of the doctors and a statement of the total bill of each. With respect to the three doctors mentioned above, his reply did not contain an itemized statement of the charges for each of the treatments on each of the dates she was treated.

After the January 5, 1968 hearing an order was entered on January 15, 1968, granting defendant's motion to dismiss unless plaintiff furnished more responsive answers to interrogatories previously ordered by the court, by February 5, 1968. Subsequently, on January 23, 1968, plaintiff filed a motion to set aside the January 15, 1968 order dismissing the cause as to defendant on the grounds that he had complied with the court's order with respect to interrogatories, had authorized the defendant to obtain all medical and hospital records, and did not have in his possession

---

[2]Copies of plaintiff's answers to interrogatories Nos. 2 and 4 are appended to this decision as exhibits A and B.

or under his control the documents previously ordered by the court to be produced. This motion was set down for hearing on February 1, 1968.

The plaintiff's motion was heard on February 1, 1968, by a justice of the superior court. For the sake of clarity we repeat that in this proceeding only the case of the husband against defendant Urban is before us and the issues raised by this appeal involve only interrogatories Nos. 2 and 4 and the answers thereto.

The fundamental issue raised by this appeal is demonstrated by the following colloquy between the trial justice and plaintiff's counsel at the hearing on February 1, 1968, on defendant Urban's motion to dismiss:

"The Court: Tell me, why is it you can't find out from the doctors these dates of treatment?

"Mr. Wilkins: We haven't asked the doctors. We have given this defendant authorization to get all medical information that he wishes to from these doctors. Why should we do his investigating for him? He's just as free as we are to get them.
* * *

"Mr. Wilkins: * * * The plaintiff doesn't have the information."

In his decision sustaining defendant's motion, the trial justice said, in part:

"* * * to get detailed-information from physicians as to dates of treatment, authorizations may not very well take the place of the ascertaining of the information by the party who has a relationship with the physician.

"* * * in the implementation of these rules in answers to interrogatories, parties may not simply say that they do not know information which is available to them. If one of the doctors was away or was outside the State or refused to give this information, such might be excused. But, I think that a party to whom interrogatories have been propounded, cannot refuse to make an effort to find out the information which is requested. Therefore, the Court will sustain the order

compelling more responsive answers to Interrogatory No. 2 * * * and will give further time for this to be done.
* * *

"* * * As to charges for each date of treatment * * * a doctor normally may not set a specific charge as to each date of treatment and in respect to charges, I would require the party here to do no more than to ask for the dates of treatment as has been indicated and for the doctor's charges down to the present time in as itemized form as the doctor will give. * * *"

The plaintiff's counsel thereupon represented to the trial justice that plaintiff would seek information from the doctors as to dates of treatment and charges for each date. The trial justice in effect denied plaintiff's motion and directed his counsel to "* * * get the dates of treatment and the bills of doctors in such itemized form as they're usually given." He extended the date for the furnishing of such answers to March 6, 1968. Accordingly, on February 6, 1968, an order was thereupon entered modifying the January 15, 1968 order to read as follows:

"The defendant, Stephen F. Urban, Jr.'s Motion to Dismiss is granted unless the plaintiff, Robert Hodge, on or before March 6, 1968, furnishes more responsive answers to interrogatories previously ordered by the court."

The plaintiff never furnished the answers in compliance with the order entered on February 6, 1968, and as a result of such failure the order of dismissal became final. Thereafter he filed the instant appeal from such order.

*I*

The plaintiff's first contention is that he complied with the provisions of rule 33 which, in pertinent part, reads as follows:

"(a) Availability; Answers; * * * Any party may serve upon any adverse party written interrogatories to be answered by the party served * * * who shall furnish such information as is available to the party.
* * *

"(b) *Scope; Limitations.* Interrogatories may relate to any matters which can be inquired into under Rule 26(b) * * *."

The pertinent part of rule 26(b) reads as follows:

"(1) *Scope of Examination.* Unless otherwise ordered by the court as provided by Rule 30(b) or (d), the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *."

The plaintiff argues in substance that under rule 33 interrogatories are designed to produce facts known to the party to which they are propounded, and that rule 33 does not impose on such a party a duty to investigate or procure by methods of discovery facts which are not within his knowledge.

We note at the outset that, on the facts in this case, we are not called upon to decide whether rule 33 imposes upon a party such as plaintiff a duty to investigate or procure by methods of discovery facts which are not within his knowledge and not easily ascertainable by him. The narrow issue before us is whether under rule 33 plaintiff was required to furnish information which, although not within his personal knowledge, was readily available to him. There is nothing in this record indicating that the physicians in question were unavailable or that the availability of the pertinent information was impaired in any way.

Under rule 33 interrogatories served upon an adverse party are governed in scope by rule 26(b), which provides in substance that a party may be examined relative to any matter which is relevant to the subject matter involved in the pending action. The dates and charges of medical treatment are relevant in a personal injury action. Since this information was readily available to plaintiff, the fact that it was not within his personal knowledge is of no significance. As the trial justice so succinctly stated, "* * * in the implementation of these rules in answers to interrogatories, parties may not simply say that they do not

know information which is available to them." We hold that on this record the order of the trial justice directing plaintiff to furnish the information requested is correct.[3] We have read the case of *Lowe* v. *Greyhound Corp.*, 25 F. Supp. 643, cited by plaintiff, but conclude that it is of no help to plaintiff's position in the case at bar. Indeed, a reading of that case supports defendant's position in the case at bar. At page 645 in *Lowe, supra,* the court said:

> "[3] In its 22nd interrogatory, the defendant asked the plaintiff to enumerate in detail the charges made at the hospital, and the reply was that the plaintiff had not received the hospital bill. This is not a sufficient answer, because the plaintiff is under a duty to find out and disclose such hospital expenses."

## II

The plaintiff's next contention is that the sanction of dismissal in this case was an abuse of discretion. Rule 37(b)(2) provides for the consequences of refusal or failure of a party to serve answers. The pertinent portion of rule 37 provides as follows:

> "(b) Failure to Comply With Order.
> \* \* \*
>
> "(2) *Other Consequences.* If any party \* \* \* refuses to obey an order made under subdivision (a) of this rule requiring him to answer designated questions \* \* \* the court may make such orders in regard to the refusal as are just, and among others the following:
> \* \* \*
>
> "(iii) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; \* \* \*"

The court's discretionary power to dismiss under rule 37

---

[3] For a general discussion of this subject see 4 Moore's, *Federal Practice* §33.26 (2d ed. 1966); 2A Barron and Holtzoff, *Federal Practice and Procedure* §768 (Wright ed. 1961).

is clear. See 4 Moore's, *supra,* §33.28, for a discussion of this subject relative to the federal rules. See also 2A Barron and Holtzoff, *supra,* §§776, 853, for a discussion of the question of the court's discretion. We come now to the question of whether, in the circumstances of this case, the trial justice abused his discretion in ordering the dismissal in the case at bar. After representing to the trial justice that plaintiff had not asked the doctors for the pertinent information, the plaintiff through counsel changed his mind and informed the trial justice that he would seek the information from the doctors and requested more time. The trial justice granted his request for additional time, but the plaintiff again failed to furnish the requested information as ordered by the trial justice. On this record we cannot say that there has been an abuse of discretion.

The plaintiff's appeal is denied and dismissed, the order appealed from is affirmed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

### *Appendix*

Exhibit A — Answer to interrogatory No. 2

2. Dr. Daniel J. Magiera
   1416 Main Street
   West Warwick, Rhode Island

   > Dr. Magiera was the attending physician concerned with the plaintiff's pregnancy and the birth of her child. The plaintiff is unable to itemize the dates of treatment, except that such attendance terminated on June 14, 1966.

   Dr. Howard Triedman
   205 Governor Street
   Providence, Rhode Island

   > Neurological consultation at Osteopathic Hospital June, 1966. Hospital care at Rhode Island Hospital including seven intrathecal antibiotic injections. The plaintiff does not know the exact dates of treatment.

12

Dr. Louis Weinstein
N. E. Medical Center
Boston, Massachusetts
        June 24, 1966
Dr. Richard K. Mead
110 Lockwood Street
Providence, Rhode Island
        Hospital care at Rhode Island Hospital from June
        14, 1966 through July 24, 1966. Telephone follow-
        up through August 27, 1966. The plaintiff does
        not know the exact dates of treatment.
Dr. J. Weston Abar
981 Narragansett Boulevard
Cranston, Rhode Island
        Consultation, June, 1966
Exhibit B — Answer to interrogatory No. 4.

4. Dr. J. Weston Abar
        (Consultation June, 1966)                    $ 25.00
   Dr. Daniel J. Magiera
        Attendance at pregnancy                        128.00
   Dr. M. Howard Triedman
        Neurological consultation at
        Osteopathic Hospital                            35.00
        Hospital Care at Rhode Island Hospital         200.00
                                                      _____
                                                      $235.00
   Dr. Richard K. Mead                                $305.00
   Dr. Louis Weinstein
        Consultation June 24, 1966                    $150.00