Peggyann LIMOGES

v.

**EATS RESTAURANT et al.**

**No. 92–89–M.P.**

Supreme Court of Rhode Island.

Feb. 26, 1993.

Ellen Biener, David Moretti, Moretti & Perlow, Cranston, for plaintiff.

Thomas J. Dinopoulos, Boston, MA, Harry Asquith, Jr., Merolla, Asquith, Archetto & Kane, Providence, for defendants.

### OPINION

SHEA, Justice.

This matter is before the Supreme Court pursuant to the petition of the plaintiff, Peggyann Limoges, for certiorari to review the trial justice's award of attorney's fees to counsel for the defendants. We affirm.

The plaintiff had filed suit against defendants for personal injury allegedly due to defendants' negligence. The case has not yet been heard on the merits. The issue before us is the award of attorney's fees to defendants' counsel based on plaintiff's counsel's violation of Rule 37(a) of the Superior Court Rules of Civil Procedure.

The following facts were made known to the motion-calendar judge at the hearing on defendants' motion to compel more responsive answers. On October 4, 1991, defendants George and Olga Mihailides filed requests for production and also filed interrogatories. On October 7, 1991, plaintiff filed a blanket objection to the request for production. On October 25, 1991, defendants filed motions to compel. On October 28, 1991, plaintiff filed objections, and on November 4, 1991, plaintiff made responses to only five out of thirteen requests for production.[1]

In light of the fact that plaintiff's counsel filed a blanket objection, the trial justice awarded costs to defendants' counsel for the amount of $800. The defendants' counsel had informed the court that eight hours at $125 per hour had been expended on the discovery issues. The plaintiff's motion for a stay of the attorney's fees was granted by the trial court and she then filed her petition for a writ of certiorari in this court. The writ was issued.

The plaintiff argues on appeal that her objections to defendants' requests and to the subsequent motion to compel were justified in view of the fact that the trial justice sustained some of her objections.

Rule 37(a) provides in pertinent part:

"Upon the failure of a deponent or a party to answer any interrogatories submitted under Rule 31 or Rule 33, or upon the furnishing of an inadequate answer to any such interrogatory, or upon the failure of a party to make discovery as requested under Rule 34, the proponent of the question or the requesting party may make like application for such an order. If the motion is granted the court shall, after opportunity for hearing, require the party or deponent whose failure to answer adequately or otherwise to make discovery necessitated the motion, or the party or attorney advising such conduct, or both of them, to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that opposition was substantially justified or that other circumstances make an award of expenses unjust.

"If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay the party or deponent who opposed

---

1. All dates are the date on which the document was stamped by the Superior Court Clerk's office, these vary from the dates counsel used in their briefs.

the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

"If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."

 We have a situation in which plaintiff twice filed blanket objections during the discovery process. The plaintiff gave no explanation for her objections. It was apparent to plaintiff's counsel from the beginning that some of the requests were perfectly valid. If plaintiff had given any indications to defendants which of the requests were considered to be invalid and the reasons for their invalidity, defendants would have been assisted in assessing the validity of her objections. The plaintiff's conduct made it necessary for defendants to file motions to compel in order to obtain some of the information to which defendants were obviously entitled.

We have held that "bad faith" that justifies an award of attorney's "fees may be demonstrated by showing that a [party's] obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." *Quill Co. v. A.T. Cross Co.,* 477 A.2d 939, 944 (R.I.1984) (quoting *Huecker v. Milburn,* 538 F.2d 1241, 1245 n. 9 (6th Cir.1976)). The trial justice at the hearing below said to plaintiff's counsel, "Your firm filed an objection to things that clearly were discoverable and your firm believed were discoverable and you made this counsel file a motion to compel."

The trial justice also said:

"[T]he objections were interposed for delay * * *. There was a refusal to make discovery for which I can impose consequences and I can impose sanctions under Rule 37 or Rule 11. * * * You seem to have a practice or a policy that you just make a blanket objection * * * to have 30 days to respond, and then to file

a blanket objection as opposed to asking for more time is simply unreasonable."

 It is important to note that the Superior Court justices are afforded discretion in determining whether sanctions for violations of Rule 37 are called for in a particular case. A decision to impose sanctions will be reversed only upon a showing of abuse of discretion. *See Trend Precious Metals Co. v. Sammartino, Inc.,* 577 A.2d 986 (R.I.1990); *Hodge v. Osteopathic General Hospital of Rhode Island,* 105 R.I. 3, 249 A.2d 81 (1969).

The record in this case adequately supports the trial justice's conclusions and decision to impose sanctions. The plaintiff's counsel conceded that objections were filed to matters that were discoverable and that some of the clearly discoverable materials were provided to the defendants only after the defendants filed motions to compel.

For these reasons the plaintiff's petition for certiorari is denied, the writ previously issued is quashed, and the orders appealed from are affirmed. The papers of the case are remanded to the Superior Court with our opinion endorsed thereon.