## SYSTEM 95 CONSTRUCTION INC.

v.

## LANCE INDUSTRIES, INC.

No. 97–479–Appeal.

Supreme Court of Rhode Island.

May 26, 1998.

Paul A. Lancia, Providence.

Joseph E. Marran, III, Lincoln.

### ORDER

This case came before a panel of the Supreme Court on May 19, 1998, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda, we are of the opinion that cause has not been shown, and

that the issues raised in the petition will be decided at this time.

Defendant, Lance Industries, Inc. (Lance), appeals from a Superior Court judgment entered in favor of the plaintiff, System 95 Construction, Inc. (System 95), following hearing on proof of claim in a defaulted civil action. Lance asserts on appeal that the trial justice erred in determining the amount of damages awarded and in denying its motion to vacate the underlying default that had been entered against Lance because of its failure to comply with earlier court ordered discovery. We affirm the judgment for the reasons following.

I

### Lance's Motion to Vacate

On November 6, 1992 System 95 commenced a civil action for breach of contract in the Superior Court. In that action, System 95 alleged the breach by Lance of a truck lease-rental agreement entered into by the parties on August 28, 1989. Lance neglected to file any answer to the complaint within the time required by our rules of civil procedure. System 95 filed a motion to default Lance because of its failure to answer. Lance was defaulted on October 13, 1993. The default order provided that the default was to be vacated if an answer to the complaint was filed on or before November 12, 1993. Lance filed its answer on October 21, 1993, accompanied by its counterclaim, alleging that System 95 had breached the lease agreement.

On November 19, 1993 System 95 served a request for production of documents upon Lance, and on November 22, 1993 propounded written interrogatories to Lance. No response to either discovery request was made. Accordingly, System 95 filed a motion to compel discovery which was granted on January 5, 1994, and a thirty day order for compliance followed.

That order compelling discovery was ignored. System 95 then filed motions to default Lance for its failure to respond to either of the outstanding discovery requests. On March 9, 1994 the default motion hearing was continued at Lance's request to April 7, 1994, and again continued at Lance's request

and its assurance of compliance. On April 4, 1994 Lance finally made some attempt to reply to System 95's discovery requests, but in an insufficient and incomplete manner.

In June 1994, System 95 filed another motion to default Lance because of its discovery violations. That motion was heard and granted on June 22, 1994, no objection having been filed, and a thirty day conditional order of default was entered. Lance, on the eve of the conditional default deadline for compliance, filed an incomplete response to the interrogatory request. System 95 then filed a motion to compel more responsive answers to its interrogatories and a motion to compel compliance with its motion for production of documents. On November 30, 1994 both motions to compel were granted, and by agreement of counsel, Lance was given forty-five days within which to comply. That forty-five day compliance order was again, by agreement of counsel extended another forty-five days until January 14, 1995. Lance, once again, ignored its court ordered discovery obligation.

On February 24, 1995 System 95 filed renewed motions to default Lance for its continued failure to comply with the latest November 20, 1994 conditional order of default and the motions were assigned for hearing on March 12, 1995. On that date, the motion to default was again granted and to become final unless Lance complied with its discovery and production of documents obligations on or before May 6, 1995. Once again Lance failed to comply and default again entered.

On August 30, 1995, on System 95's motion to enter final judgment on the default, a justice of the Superior Court continued the motion to October 5, 1995, and gave Lance until September 9, 1995 to file any motion to vacate the default or it would become final. Once again Lance ignored and failed to comply with another court order and instead filed its motion to vacate the default on October 5, 1995, some four weeks late.

On October 13, 1995 Lance's motion to vacate was heard and denied and, on the same day, an appeal from that denial was filed in this Supreme Court. That appeal was later dismissed on April 4, 1996 and the case was remanded to the Superior Court for further proceedings on the remaining issue in the litigation, namely, proof of damages.

We have again reviewed Lance's renewed challenge to the trial justice's action in denying its motion to vacate the default entered because of Lance's repeated and prolonged inexcusable failure to comply with the several court orders compelling discovery and find it to be without merit. That denial is certainly supported by the record. No good cause under Super.R.Civ.P. 55(c) or excusable negligence under Rule 50(b) was shown to exist. *Fournier v. Town of Coventry,* 615 A.2d 118–19 (R.I.1992); *Hodge v. Osteopathic General Hospital,* 105 R.I. 3, 249 A.2d 81 (1969).

## II

### System 95's Damage Claim

Lance contends here on appeal that the trial justice erred in awarding damages to System 95 computed on the basis of a loss of profits that Systems 95 would have realized from the lease-rental contract had it been complied with by Lance.

On the proof of damage hearing aspect of this case that extended over a period of three trial days, Lance attempted in the course thereof to relitigate the question of its liability to System 95. The trial justice correctly noted, however, that the earlier default effectively precluded relitigation of the liability issue. *Bosler v. Sugarman,* 440 A.2d 129, 133 (R.I.1982).

After considering the hearing evidence, the trial justice found that under the terms of the lease-rental agreement Lance was entitled to receive a total monthly rental payment amounting to $2,066. From that amount he found that $770.26 would represent a reasonably expected profit to System 95. That expected profit, extended over the twenty-two months remaining after Lance's breach, he found to result in damages to Systems 95 amounting to $16,945.72. Statutory prejudgment interest was to be added thereto from April 12, 1990.

We discern no error in that finding. The plaintiff System 95 was entitled to be placed

in as good a position as it would have been had Lance fully performed its contractual obligation under the lease rental agreement. *Aiello Construction, Inc. v. Nationwide Tractor Trailer Training and Placement Corp.*, 122 R.I. 861, 413 A.2d 85, 88 (1980). 5 Corbin, Contracts § 995 (1964).

For the reasons above given, the defendant Lance Industries, Inc.'s appeal is denied and dismissed. The papers in this case are remanded to the Superior Court.

LEDERBERG and GOLDBERG, JJ., did not participate.