DECISION
The case is before the court on the plaintiffs motion for cost allocation and sanctions and other related motions. As grounds for her motion for cost allocation and sanctions, plaintiff asserts Rhode Island Superior Court Rules of Civil Procedure 11, 26 (f), 37 (a)(4) 37 (b) (As amended September 5, 1995).
This case is a personal injury lawsuit for which Allstate Insurance Company provides the named defendant, Joseph Laliberte, with a defense to the plaintiffs claim against him. Allstate does so pursuant to its insurance contract with Laliberte. In performance of its contractual obligation, Allstate pays Laliberte's litigation defense counsel. On Laliberte's behalf and in furtherance of his defense, Allstate also engaged an investigation firm, Allen Associates, to conduct surveillance on plaintiff At issue is the conduct of Allstate Insurance Company and the named defendant's attorney for failing to produce information disclosing the number of cases in which Allstate engaged Allen Associates to conduct surveillance upon plaintiffs in personal injury cases. That Allstate strongly opposed having to supply the information is evident from the record of the proceedings in the case.
The procedural posture of the motions is unusual due to the fact that it is Allstate Insurance Company and not the named defendant or Allen Associates that has waged the battle against producing the information. Allstate has never formally intervened in the action but, instead, has litigated the question through its insured's litigation defense counsel.[1] Unfortunately, defense counsel obliged Allstate notwithstanding that her overriding fiduciary obligations were clearly owed to the defendant, Laliberte, and not the insurance carrier that footed the bill for her services.[2] So, though the motion may be facially directed toward the defendant, Joseph Laliberte, there is no question that his conduct is not at issue. Instead, it is the combined conduct of Allstate Insurance Company and Laliberte's litigation defense counsel, working together, that is at issue. Hindsight reveals that it might have been more prudent for the discovery request to made and enforced through the use of a deposition subpoena directed toward Allen Associates and not through a discovery request directed to the defendant. That may have helped to avoid the present procedural oddity in which Allstate Insurance Company is, de facto, the defendant in the motion and defense counsel's conduct is with regard to her representation of Allstate and not the party on behalf of whom she had entered an appearance and had a duty to represent.
The travel of the case is not in dispute. In February 1997, plaintiff's vehicle was struck from the rear by a vehicle operated by the named defendant. After commencing the instant litigation, the plaintiff learned that she had been the subject of surveillance by an investigation firm called Allen Associates. In September 1998, Plaintiff filed a request for production requesting that she be provided with a listing of those cases in which Allstate Insurance Company had hired Allen Associates for surveillance of plaintiffs during the period April 1994 to April 1998. On behalf of the named defendant, defense counsel filed a work product and relevancy based objection to the request. Plaintiff filed a motion to compel a response to the discovery request to which defense counsel filed a blanket objection that identified no grounds as its basis. At the hearing on the motion to compel defense counsel asserted a relevancy based objection. The motion calendar justice ordered the number of cases disclosed but without the need for a listing of the plaintiffs' identities or case names — something that she deemed irrelevant and not likely to lead to admissible evidence.
When the information was not forthcoming within the time period set by the motion calendar justice, plaintiff filed a Super. R. Civ. P. 37 motion to default. Defense counsel filed another blanket objection. Four days later she filed a second response to the request for production in which she represented that Allen Associates was unable to provide the information without undertaking a manual inspection of its files which would require an inordinate amount of time and monies. Simultaneously, she filed a motion requesting that the motion calendar justice reconsider her ruling on the motion to compel the discovery request and that the order requiring production be vacated. As grounds for the motion, defense counsel again represented that Allen Associates was unable to provide the information without undertaking a manual inspection of its files which would require an inordinate amount of time and monies. Another attorney from defense counsel's firm argued the motions and in the process asserted that the amount of money it would take for Allen Associates to assemble the information was "incredible." Neither attorney ever purported to be representing Allen Associates and, in subsequent hearings, defense counsel acknowledged that the firm was acting as Allstate's counsel for purposes of the discovery of this information.
After hearing the motions for default and reconsideration, the motion calendar justice again ordered the information produced. The motion calendar justice clearly rejected defense counsel's protestations that the information was not readily accessible by one means or another.
Thereafter, defense counsel filed a motion to stay all proceedings in the case in order to give her the opportunity to file Petition for Writ of Certiorari. In filing the Petition for Writ of Certiorari defense counsel asked that the order requiring production of the information be quashed. The grounds for that request was the inordinate time and expense that would be imposed upon both Allstate and Allen Associates in obtaining the information. The Petition for Writ of Certiorari was denied.
Throughout these proceedings the time and expense required to produce the information remained noticeably non-specific and was only characterized by defense counsel as "inordinate" or "incredible".
After the Petition for Writ of Certiorari was denied, counsel for plaintiff made two letter-form written requests for the information both of which were ignored by defense counsel. Finally, on October 12, 1999, defense counsel sent a letter to plaintiff's counsel making it quite plain that Allstate would not begin to gather the information until the plaintiff agreed to pay $20,160.00 to cover Allstate's estimated cost of searching of some 10,000 of its local claims files. In the letter, defense counsel stated that it would take 5-6 months to complete the task.[3] She also invited plaintiff's counsel to offer some alternative to the production of the information. A motion to extend the time for production for an additional 180 days followed the letter. That motion was granted as unopposed[4] with the result being that production of the information was not due until well after the next trial date. Several weeks thereafter defense counsel filed a motion for apportionment of costs purportedly brought pursuant to Rule 26 (5)(c) of the Rhode Island Superior Court Rules of Civil Procedure.[5] Plaintiff objected and moved for sanctions and to have the named defendant held in contempt.
The motion for apportionment of costs was heard on November 17, 1999. At the time of the hearing, defense counsel argued that the burden imposed upon Allstate was so onerous that it was akin to blackmail. She initially represented to this justice that the question of the inordinate cost and time involved in producing the information had been argued before the Supreme Court and that the Supreme Court had not ordered the information produced — thus implying that it was appropriate for this justice to condition production of the information upon payment of costs. Then, when this justice pointed out that the denial of the Petition for Writ of Certiorari was for present purposes an affirmation of the earlier order compelling discovery, she quickly changed tack and stated that the question of cost had not been raised in the context of the Petition for Writ of Certiorari — thus implying that a new issue had now been raised and that it was appropriate for this justice to condition production of the information upon payment of costs. Either way, it was defense counsel's argument that her client, Allstate Insurance Company, should be relieved of compliance with the order for production until the plaintiff agreed to cough up $20,000.00 — a figure that Allstate expected might well increase as the manual search went on. During the course of the hearing defense counsel also represented that the information could not be obtained in the time frame allowed by the court order due to the need for a manual search of all of Allstate's 10, 000 claims files covering a four year period. Defense counsel proffered an affidavit from an Allstate manager in support of her representations. It was clear from the affidavit that Allstate had not yet commenced the process of gathering the information.
The motion was continued until December 7, 1999 so that plaintiff's counsel could complete his preparation of a cross motion against Allstate.
On December 2, 1999, the defense attorney precipitously withdrew her representation of the named defendant. The withdrawal was accomplished by the filing of a stipulation signed by her alone. The withdrawal stipulation was filed without the requisite consent of the Court. Super. R.P. 1.5. Counsel then failed to appear at the December 7, 1999 notwithstanding that the body of plaintiff's motion clearly implicated her conduct under Super. R. Civ. P. 11 26 (b).
Simultaneously with defense counsel's withdrawal, successor counsel entered his appearance on behalf of the named defendant. That attorney quickly filed a motion for an evidentiary hearing, a motion to transfer the case to a different justice, a request for production aimed at plaintiff's counsel and a notice to take the deposition of plaintiff's counsel. And, it was with near lightning speed[6] that the attorney withdrew the pending motion for apportionment of costs and provided plaintiff's counsel with the number of cases in which Allen Associates had conducted surveillance for Allstate Insurance Company. That number was 324.
When successor counsel appeared at the December 7, 1999 hearing it was his position that Allstate's compliance with the discovery order left the Court without issues to decide. He also professed confusion about what was at issue in the hearing though the plaintiff's motion had made it plain enough. He was not definitive about whether he was presently appearing as attorney for Allstate or former defense counsel. From his comments, though, he seemingly moved for discovery and an evidentiary hearing with an eye toward protecting those two — notwithstanding the potential conflicts of interest between them.[7] The record reflects that his purpose in seeking discovery and an evidentiary hearing was to refute allegations concerning certain out of court comments supposedly made by former defense counsel. Accordingly, further discovery and an evidentiary hearing would be necessitated only if this justice were to consider those statements in deciding the motion.
At the time of the hearing, plaintiffs counsel agreed that it was not the named defendant's conduct that was at issue. He pointed to the pleadings and the record of proceedings as the sole basis for his request for sanctions and cost allocation. He does not rely upon former defense counsel's out of court comments.
The question is whether either Allstate Insurance Company and former defense counsel should be sanctioned for failure to cooperate in discovery and/or for filing unwarranted and poorly grounded pleadings for an improper purpose, Super. R.Civ. P 11, 26 (f) 37 (b) (As amended September 5, 1995).
The facts germane to the instant motion are disturbing and speak for themselves. From the outset, the question of obtaining the information from Allen Associates was on the table. One of the early objections to producing the information was based upon the enormity of the burden allegedly attendant to a manual review of Allen Associate's files. Likewise, the motion for reconsideration was based upon this ground. In filing the Petition for Writ of Certiorari it was Allstate Insurance Company and former defense counsel's contention that a search of either Allstate's or Allen Associate's records would be inordinately burdensome and expensive. Yet, when the motion for apportionment of costs was filed and argued it was the projected cost of the Allstate records search that was proffered. Noticeably absent was any information concerning the time or cost associated with obtaining the information from Allen Associates. And, as the record reflects, the information was obtained and produced by successor counsel within 8 business days after he made a direct inquiry of Allen Associates.[8] The apparent ease and swiftness with which the information was ultimately produced gives the lie to Allstate's and former defense counsel's pleadings and other representations about the burden involved in producing the information — a lie that was repeated time and time again over a period of months and one that was repeated to plaintiff's counsel, two justices of the Superior Court and to the Rhode Island Supreme Court.
Equally, disturbing is former defense counsel's conduct both in attempting to entice plaintiffs counsel to opt for some unspecified "alternative" to production of the information and in the tack she used in arguing the motion for apportionment of costs to this justice. It requires little common sense or insight to know that the threat of costs exceeding $20,000.00 would give any opposing attorney and his client cause for concern if not daunt them entirely. Common sense tells us, too, that a busy motion calendar justice expecting the parties and their counsel to be acting in good faith might conclude that the exercise of his or her plenary powers in immediately apportioning such extreme costs was warranted. Likewise, even the most skeptical of motion calendar justices might not have the resources or opportunity to scrutinize the matter given the caseload of the calendar.
It is evident from the record that Allstate and former defense counsel continuously chose the route that was most likely to result in Allstate avoiding a legitimate discovery request and compliance with two orders of this Court. Overall, the record is reflective of bad faith and improper motives driving former defense counsel's pleadings or, at best, an unwillingness on counsel's part to make a reasonable inquiry to determine that her representations concerning the enormity of the difficulties involved in compiling the requested information were simply untrue. Both Allstate's and defense counsel's ongoing failure to cooperate in discovery and their filing of poorly grounded pleadings needlessly increased the cost of litigation for plaintiff The motion for apportionment of costs was clearly intended to increase those costs even more if not daunt plaintiff altogether. It is under these circumstances that this justice concludes there to be no abuse of discretion in ordering sanctions and cost allocation against both Allstate Insurance Company and former defense counsel and that the record of the proceedings in this case justifies both. See, Senn v. Surgidev Corp., 641 A.2d 13 11 (R.I. 1994); Limoges v. Eats Restaurant 621 A.2d 188 (R.I. 1993); Super. R.Civ. P 11, 26 (f) 37 (b) (As amended September 5, 1995).
Allstate Insurance Company and former defense counsel are ordered to pay those fees and costs set out in plaintiff's counsel's affidavit[9]
within 30 days. Both Allstate and former defense counsel shall be jointly and severally liable for those fees and costs. Furthermore, the significance and overall import of Allstate's and defense counsel's transgressions point to the need for additional sanctions and cost allocation. Therefore, Allstate Insurance Company and former defense counsel shall pay in full all other reasonable and necessary fees and costs that may have been incurred by plaintiff and her counsel in compelling the discovery of the information at issue beginning with the filing of the first motion to default. For these fees and costs, too, Allstate Insurance Company and former defense counsel shall be jointly and severally liable.
Counsel for plaintiff shall prepare an order reflecting that plaintiffs motion for sanctions is granted in part but that the motion is continued for further hearing before this justice solely on the question of the reasonableness of additional fees. Counsel are directed to contact this justice for a conference to determine whether plaintiff intends to request payment of additional costs and fees and, if so, whether an evidentiary hearing is necessary. Further orders shall be entered with respect to this matter as may become necessary.
All other motions and requests for relief that have been raised in the context of defendant's motion for allocation of costs and the plaintiffs motion for sanctions are denied.
[1] "It is clear from the record that the defense firm was advocating the interests of Allstate at the times pertinent to this motion. Defense counsel's firm unabashedly identifies itself on its letterhead as "staff counsel to Allstate Insurance Company."
[2] Casco Indemnity Company v. O'Connor, 755 A.2d 779 (R.I. 2000); See also, In Re Rules of Professional Conduct, 2 P.3d 806 (Mont 2000); Finley v. Home Ins. Co., 975 P.2d 1145 (Hawaii 1998); Cincinnati Ins. Co. v. Wills, 717 N.E. 151 (Md. 1999).
[3] At this point, the trial had already been continued due to the delay in discovery associated with the failure to produce the information concerning Allen Associates. The case had been given accelerated status upon motion made by defense counsel due to her client's considerable age.
[4] "Plaintiff's counsel ultimately moved to vacate on the grounds that he had not received notice of the motion and was unaware that it had been filed until after it had been granted.
[5] There is no Rule denominated as 26 (5)(c). Rule 26 (c) permits the Court to grant a motion for protective order and to award the expense of the motion under Rule 37 (a) (4). Rule 37 (a) (4) permits the Court to award expenses where a motion to compel a discovery request has been granted. Rule 37 (a) (4) is clearly intended to shift the burden to the non-complying party and is clearly not applicable to the defendant's motion. This Court, however, has plenary power that permits it to entertain, generally, a motion for apportionment of costs. Super. Ct. Civ. P. Rule I (As amended September 5, 1995).
[6] As it turned out, it took Allen Associates from November 23rd to December 6, 1999 to compile the information — a time period encompassing only 8 business days when allowing for the two intervening weekends and the Thanksgiving Day holiday.
[7] Successor counsel referred to the relationship between an insurance company, its insured and the insured's defense counsel a "tripartite relationship". It is of concern that both defense firms in this case have attempted to represent the interests of the non-party Allstate Insurance Company despite the evident and potential conflicts. This unfortunate state of affairs contributed to the procedural complexities of the present motions, placed the named defendant at risk of contempt findings and sanctions, delayed his accelerated trial status and created a potential conflict between Allstate and former defense counsel herself Generally, it has been this justice's observation that many attorneys who are paid by an insurance company to represent a defendant in a liability claim perceive their "real" client to be the insurance carrier. Thus they put themselves at risk of breaching the duty of care they owe to the insured when they advocate the cater's economic interests over the client's, impermissibly share the client's confidences with the cater, protect the cater's reservation of rights while defending the client in the liability action and so on.
[8] Successor defense counsel's reluctance to detail the efforts required to obtain the information was not lost on this justice.
[9] Successor defense counsel does not challenge the reasonableness of the fees and costs set out in plaintiffs counsel's affidavit. Nor does he challenge that they were necessarily incurred.