## Carol GOULET

v.

## OFFICEMAX, INC. et al.

No. 2002–131–Appeal.

Supreme Court of Rhode Island.

Jan. 6, 2004.

Carol Goulet, pro se.

Michael R. DeLuca, Providence.

## ORDER

This case came before the Supreme Court on December 2, 2003, pursuant to an

order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The plaintiff, Carol Goulet (plaintiff), appeals *pro se* from the dismissal of her personal injury complaint against the defendant, OfficeMax, Inc. (OfficeMax or defendant), due to plaintiff's failure to comply with discovery orders. For the reasons set forth herein, we affirm the judgment of the Superior Court.

In March 1999, plaintiff commenced a negligence action against defendant for injuries she allegedly sustained while shopping at defendant's place of business. On April 30, 1999, defendant served plaintiff with interrogatories and a request for production of documents. After she failed to respond, defendant filed motions to compel plaintiff's response. The Superior Court granted defendant's motions and ordered plaintiff to respond to the interrogatories within forty-five days. Despite this order, plaintiff failed to respond and consequently, defendant moved to dismiss plaintiff's complaint. On September 29, 1999, the Superior Court entered a conditional order of dismissal providing that unless plaintiff responded to the interrogatories on or before November 13, 1999, her case would be dismissed. Although plaintiff responded to defendant's interrogatories, she failed to provide information regarding any expert witnesses plaintiff intended to present at trial.

By July 2001, defendant was still awaiting a supplemental response to its expert witness interrogatory and again moved for an order to compel and for the scheduling of expert witness depositions. The Superior Court granted defendant's motion and ordered plaintiff to disclose the requested information no later than September 24, 2001. The defendant received plaintiff's response to the discovery order in a letter dated October 3, 2001, after the court-ordered deadline had passed and not in compliance with the Rules of Civil Procedure. Consequently, defendant filed another motion to dismiss for failure to comply with court orders. Once again, the Superior Court granted defendant's motion and ordered a conditional dismissal unless plaintiff completely disclosed the information regarding her expert witnesses by November 17, 2001.

Notwithstanding this order, on November 17, 2001, defendant agreed to extend the response deadline until December 14, 2001. The defendant informed plaintiff that it would not agree to any further continuances and plaintiff again failed to provide her expert witness information. A third motion to dismiss was filed and on February 8, 2002, the Superior Court dismissed plaintiff's case with prejudice and entered a final judgment in favor of defendant.

On appeal, plaintiff alleges that the discovery delays were due to the shortcomings of counsel, her ongoing medical issues and the death of her mother. The plaintiff asserts that the trial justice abused his discretion in dismissing her case because the expert testimony OfficeMax sought was unnecessary given the ample medical evidence available to justify her past and present damages. The plaintiff's arguments are without merit.

Rule 37(b)(2)(C) of the Superior Court Rules of Civil Procedure provides that if a party fails to comply with a discovery order, a court may enter "a final judgment dismissing the action or proceeding or any part thereof, or [render] a judgment by default against the disobedient party * * *." It is well settled that pursuant to

Rule 37(b)(2)(C), "the entry of a final judgment dismissing an action for noncompliance with a discovery order is within the discretion of the motion justice." *Mumford v. Lewiss*, 681 A.2d 914, 916 (R.I.1996) (citing *Providence Gas Co. v. Biltmore Hotel Operating Co.*, 119 R.I. 108, 112, 376 A.2d 334, 336 (1977)). The imposition of sanctions under Rule 37 will be overturned only upon a showing of an abuse of discretion by the trial justice. *Senn v. Surgidev Corp.*, 641 A.2d 1311, 1320 (R.I.1994); *Limoges v. Eats Restaurant*, 621 A.2d 188, 190 (R.I.1993). This Court has repeatedly affirmed final judgments of dismissal resulting from a party's persistent failure to comply with discovery obligations. *See Mumford*, 681 A.2d at 916; *Roberti v. F. Ronci Co. Inc.*, 486 A.2d 1087, 1088 (R.I. 1985); *Bosler v. Sugarman*, 440 A.2d 129, 132 (R.I.1982); *Providence Gas Co.*, 119 R.I. at 114, 376 A.2d at 337. We are satisfied this is the situation presented to us on appeal.

The record in this case demonstrates that plaintiff was given ample opportunity to comply with her discovery obligations. Despite two court orders, an extension agreed to by defendant and additional extensions afforded by two conditional orders of dismissal, plaintiff utterly failed to produce the requested information. The plaintiff failed to avail herself of the numerous extensions graciously and generously agreed to by defendant and the Superior Court. She missed every deadline. Further, the issues surrounding her health or her mother's death were never raised by any of her many lawyers and are of recent vintage. Given the plaintiff's continuous and willful noncompliance with discovery orders, the Superior Court acted well within its discretion in dismissing plaintiff's complaint.

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.