DECISION
The defendant, Merchants Insurance Company of New Hampshire, Inc. and Merchants Insurance Group ("MINH" or "defendant"), moves to dismiss, with prejudice, the complaint filed by the plaintiff, Triton Realty Limited Partnership and Triton Realty, Inc. ("Triton" or "plaintiff"). The defendant avers that the plaintiff failed to comply with its discovery obligations and with three Court Orders relative thereto.
 FACTS AND TRAVEL
The present controversy concerns an ongoing dispute between the parties' attorneys in connection with discovery requests originally propounded by MINH on October 6, 2004. On that date, MINH served requests for production of documents on the plaintiff pursuant to Super. R. Civ. P. Rule 34. The documents requested concerned, among other things, the precise corporate identity of the plaintiff, information pertaining to insurance coverage for all commercial properties owned by the plaintiff, and materials revealing the identity and status of each employee in the plaintiff's limited partnership. Triton failed to respond, and MINH subsequently sent three letters — dated November 22, 2004, December 1, 2004, and December 7, 2004 — to follow up its request. Several months after serving Triton's counsel with the document requests, in December 2004, MINH filed with this Court a motion to compel Triton to produce the documents.
After a hearing on January 12, 2005, this Court entered an Order granting defendant's motion to compel the document production and specifying that plaintiff had until February 11, 2005 to comply with the Order. On January 28, 2005, Triton sent an unsigned response via facsimile that objected to each of the requests and that contained no documents whatsoever.[1]
Thereafter, counsel for MINH sent two letters to Triton's counsel stating that the faxed response was insufficient and, therefore, that the document responses remained outstanding. Approximately three weeks later, the plaintiff served the defendant with three documents: a copy of the insurance policy Triton took out with MINH; a copy of the lease agreement between Triton and its tenant, Jeffrey Derderian and Michael Derderian; and a copy of the plaintiff's limited partnership agreement.
Again, MINH regarded the plaintiff's document production as incomplete and the objections presented improper. Throughout March 2005, MINH made repeated attempts to contact Triton, but it received no response. As such, the defendant filed a second motion to compel that was heard before a justice of this Court on May 5, 2005. The Court once again granted the defendant's motion, and ordered Triton to produce the documents by June 19, 2005.
At the May 5, 2005 hearing, the Court also resolved an ongoing dispute between the parties in connection with deposing Raymond Villanova ("Villanova"), general partner of Triton and the individual who signed the insurance application with MINH on Triton's behalf. The plaintiff had objected to the deposition and moved this Court for a protective order due to Villanova's poor health. The Court ordered both MINH and co-defendant Essex Mutual Insurance Company ("Essex") to propound detailed interrogatories upon the plaintiff in lieu of deposing the witness. Triton was served the interrogatories soon after the May 5 hearing, and, pursuant to Super. R. Civ. P. Rule 34, it had forty days from the date of service in which to answer.
The plaintiff, however, provided neither the document responses nor the answers to interrogatories by the prescribed deadlines, and the defendant filed a third motion to compel on July 29, 2005. Subsequent to this motion being filed with the Court, Triton served the defendant with answers to ten of the approximately ninety interrogatories.[2] MINH once again objected to Triton's efforts, and the third motion to compel discovery was heard on September 9, 2005. This Court gave Triton yet another opportunity to comply with its discovery obligations, ordering document production and additional answers to interrogatories within thirty days and that Triton submit a date on which Villanova could be deposed by October 30, 2005. This Court Order also provided that the action would be dismissed, with prejudice, should Triton fail to meet the aforementioned deadlines.[3]
Because October 10, 2005 was a holiday, Triton served supplemental answers to interrogatories on October 11. However, Triton once again produced no additional documents, in contravention of the Court Order. On October 21, counsel for MINH sent a fax to Triton indicating that it considered Triton's discovery responses insufficient in light of the agreement that interrogatories would replace any deposition of the plaintiff's general partner and that, accordingly, it was going to file a motion to dismiss the instant action. Counsel for Triton responded on October 24, by way of letter, that it had complied with the Court's Order.
Following another unsuccessful attempt to communicate with the plaintiff, defendant filed the instant motion to dismiss. The day after filing this motion, the defendant submitted some additional documents. However, as with each of the previous discovery responses in this case, MINH objected to the response as being inadequate.
Counsel for both parties presented oral arguments before this Court on January 6, 2006. Triton expressed to the Court that, despite its ongoing efforts, it was simply unable to locate some of the documents or information requested. Furthermore, Triton reiterated that many of the requests and interrogatories were, in fact, outside the scope of permissible discovery. Finally, the plaintiff pointed out that Villanova would be made available for deposition at a mutually convenient time.
 STANDARD OF REVIEW
The discovery process affords Rhode Island litigants the ability to obtain information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 26(b)(1); see, e.g., Cunningham v.Heard, 667 A.2d 537, 538 (R.I. 1995) (allowing for broad deposition interrogation, including "diagrammatic testimony");Hodge v. Osteopathic Gen. Hosp. of R.I., 105 R.I. 3, 9-10,249 A.2d 81, 85 (1969) (ordering party to produce materials that are "relevant" and "readily available"). In the event that a party fails to make or cooperate with its discovery obligations, Super. R. Civ. P. Rule 37 provides that aggrieved parties, "upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." Rule 37(a). The motion must include certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery." Rule 37(a)(2).
Should the nonmoving party fail to comply with an order compelling discovery, Rule 37 itemizes the potential sanctions that the Court, in its discretion, can impose. The Court may hold the nonmoving party in contempt. Additionally, the Court may order that the facts at issue be deemed established thenceforth; preclude the disobedient party from either supporting or opposing the designated claims or defenses; strike out certain pleadings; or stay the proceeding until the order is obeyed. Rule 37(b)(1)-(2).
The Rule also affords the Court the discretion to enter either a final judgment dismissing the action or a judgment by default. Rule 37(b)(2)(C). There is nothing in the Rules to suggest that final judgment can only be imposed after other, less severe, sanctions are employed. See id. (citations omitted). "[A]t some point a defendant is entitled to a dismissal of a complaint in an action in which a [party's] persistent failure to comply with discovery requests and related court orders causes inordinate delay, expense, and frustration for all concerned."Mumford v. Lewis, 681 A.2d 914, 916 (R.I. 1996). Such a situation is characterized by "continuous and willful noncompliance with discovery orders" Goulet v. Officemax, Inc.,843 A.2d 494, 496 (R.I. 2004) that rises to the level of "persistent refusal, defiance or bad faith." Flanagan v. Blair,882 A.2d 569, 573 (R.I. 2005).
Rule 37 also provides for the payment of costs and fees as follows:
 "In lieu of any of the foregoing orders or in addition thereto, the court may require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2)(E).
With respect to attorney's fees, our Supreme Court has held that "the type of `bad faith' that justifies an award of attorney's fees can be established by showing that a party's uncooperativeness `in granting the [defendant] his [or her] clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation." Senn v. SurgidevCorp., 641 A.2d 1311, 1320 (R.I. 1994) (quoting Limoges v. EatsRest., 621 A.2d 188, 190 (R.I. 1993)) (citation omitted).
 DEFENDANT'S MOTION TO DISMISS
MINH moves the Court to dismiss Triton's claim, with prejudice, on the grounds that it failed to comply with three Court Orders compelling discovery. In determining whether dismissal is warranted for discovery abuses, the Superior Court looks to the extent of the resulting delay, as well as evidence of bad faith.See, e.g., Goulet, 843 A.2d 494 (plaintiff's case dismissed when she ignored three orders granting conditional dismissal and compelling her to provide additional discovery responses); TheTravelers Ins. Co. v. Builders Res. Corp., 785 A.2d 568, 569
(R.I. 2001) (defendant's failure to comply with two orders compelling discovery, and an order to produce a witness for deposition, constituted "blatant refusal" to comply with discovery obligations, and entry of default judgment was proper);Hodge, 105 R.I. 3, 249 A.2d 81 (final judgment entered against plaintiff because, subsequent to a motion to compel and two orders conditionally dismissing the case, the plaintiff had not produced discovery that was readily available to him, and, furthermore, his representations to the court regarding his efforts to procure the discovery were inaccurate).
Conversely, where a party's failure to comply with discovery orders does not rise to a "level of persistent refusal or defiance or bad faith," entry of final or default judgment is generally not justified. Senn, 641 A.2d at 1319. In Senn, the Superior Court entered default judgment against a defendant who, after three years and multiple court orders compelling discovery, had failed to "adequately respond" despite "ample opportunity."Id. at 1316. The Rhode Island Supreme Court reversed, concluding that "the interests of the parties, and the interests of the judicial system are better served by permitting the parties to address the merits of the claims and defenses asserted in the lawsuit rather than allowing an escalated discovery conflict effectively to close the courthouse doors." Id. at 1319; see also William W. Schwarzer Lynn H. Pasahow, CivilDiscovery: A Guide to Efficient Practice, ch. 7 § [E][1] at 259 (1988) (describing the analysis to be used in determining the proper allocation of sanctions for failing to meet discovery obligations).
In the case at bar, Triton has failed to comply with three Orders pertaining to production of documents and an Order relative to answers to interrogatories. As did the defendant inSenn, Triton submitted partial responses in the eleventh hour, and then made affirmations, however genuine, to the Court that it was having difficulty obtaining some of the requested information. The imposition of a dispositive sanction, such as dismissing the underlying claim, necessitates "bad faith," "gross professional misconduct," or "persistent unexcused failures to respond" which render the conduct tantamount to "abandon[ing] the litigation." Id. Triton has not complied with its discovery obligations. However, it has, thus far, done just enough to prevent its case from being dismissed. Compare Senn,
494 A.2d 1311, with Goulet, 843 A.2d 494 and The Travelers Ins.Co., 785 A.2d 568 and Hodge, 105 R.I. 3, 249 A.2d 81. The Court is mindful that the "interests of the parties, and the interests of the judicial system are better served" by allowing the parties to litigate the merits of the case rather than permitting "an escalated discovery conflict to effectively close the courthouse doors." Senn, 641 A.2d at 1319. Accordingly, the Court will, at this juncture, deny the motion to dismiss. However, this Court cautions Triton that dismissal will be warranted in the event of any further delay or failure to comply with an order, neither of which will be tolerated by this Court.
 ATTORNEY'S FEES
MINH also seeks fees and expenses in connection with the three motions to compel and the instant motion to dismiss. Rule 37(a) provides in pertinent part:
 "If the motion is granted or if requested discovery is provided after the motion was filed, the court may, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."
In the event the nonmoving party fails to comply with a court order made pursuant to Rule 37(a), Rule 37(b) provides the following instruction:
 "[T]he court may require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."
Thus, this Court possesses discretion to award fees and expenses if a party's course of action exhibits some degree of bad faith.See Limoges v. Eats Rest., 621 A.2d 188 (R.I. 1993). For example, in Limoges, our Supreme Court affirmed an award of attorney's fees because a party simply filed blanket objections to discovery requests on two occasions without providing any explanation therefor. Id. at 190. Alternatively, attorney's fees were not warranted when the party's actions represented "sound litigation strategy" and, therefore, were "substantially justified." Fremming v. Tansey, 626 A.2d 219, 221 (R.I. 1993) (defendant's filing of a motion to compel production of employment and tax records in a personal injury case was neither groundless nor abusive of the discovery process).
In the matter at bar, the defendant's instant motion includes a request for an award of attorney's fees and other reasonable expenses incurred as a result of having to file three motions to compel and a motion to dismiss. The discovery requests in question have been outstanding for more than a year. This Court has ordered the plaintiff to produce documents or answer interrogatories on three occasions, and the plaintiff has erratically complied. Triton has acted in a way that has "made it necessary for defendant to file motions to compel in order to obtain some of the information to which defendant w[as] obviously entitled." Limoges, 621 A.2d at 190. Accordingly, the Court finds that the plaintiff's actions, taken together, have demonstrated a degree of bad faith. See id. (the court reasoned that the "`bad faith' that justifies an award of attorney's `fees may be demonstrated by showing that a [party's] obstinacy in granting a plaintiff his clear legal rights necessitated resort to legal action with all the expense and delay entailed in litigation'"). Though the plaintiff's actions do not yet rise to the level of bad faith warranting dismissal, the Court awards attorney's fees and expenses relative to the defendant's bringing three motions to compel and the instant motion to dismiss.
As noted earlier, Triton objects to the inclusion of awarding attorney's fees and expenses in the Order granted by this Court on September 9, 2005. It claims that such an award was never contemplated by the parties or the Court. It avers that the defendant unilaterally included the provision after the fact into the draft Order it submitted to this Court. The plaintiff's contention is herein rendered moot. The Court hereby awards attorney's fees and expenses.
 CONCLUSION
For the aforementioned reasons, the Court denies the defendant's motion to dismiss. The Court grants defendant's request for reasonable attorney's fees and other reasonable expenses in conjunction with its three motions to compel, as well as with the instant motion to dismiss. All parties to this action, including Essex, are hereby ordered to appear before this Court to establish the following: the relevancy of each document request served on the plaintiff on October 6, 2004; the relevancy of each interrogatory served on the plaintiff in May 2005; the reasonable fees and expenses incurred by defendant; and, finally, a mutually agreeable date on which Villanova shall be deposed. Counsel shall submit the appropriate judgment and order for entry.
[1] Specifically, Triton objected that the requests were overly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.
[2] The Court had allowed MINH and Essex to propound an unusually large number of interrogatories to the plaintiff because said interrogatories were meant to take the place of Villanova's deposition.
[3] In addition, the Order provided that the plaintiff pay reasonable costs and attorney's fees incurred by MINH in filing and arguing each of the motions to compel discovery. This provision of the Order represented the basis for yet another disagreement between the parties. Counsel for MINH, as directed by the Court, drafted the Order and submitted it to the Court. Counsel for Triton claims that the defendant unilaterally added the provision for costs and fees in the Order despite the fact that such a provision was never discussed or contemplated by the Court. For reasons discussed, infra, this disagreement is moot.