387 A.2d 1379.

ALBERT J. VITALE *et al. v.* WILLIAM ELLIOTT.

JUNE 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS J. This is an appeal from an order of a Superior Court justice denying the plaintiffs' motion to vacate judgment. The plaintiffs appeal.

On March 26, 1975, plaintiffs Albert J. Vitale and Marcus Vitale filed a complaint against defendant William Elliott for injuries sustained by Marcus Vitale when the trail bike he was riding collided with defendant's motor vehicle. On April 25, 1975, defendant submitted interrogatories to be answered by each plaintiff.

When those interrogatories were not answered within 40 days, defendant filed a motion on June 10, 1975, to compel plaintiffs to answer. This motion was granted by rule of court. Subsequently, on July 15, 1975, defendant filed a motion to dismiss for plaintiffs' failure to comply with the order entered on the motion to compel.

The defendant's motion to dismiss was heard by a justice of the Superior Court on September 9, 1975. After hearing, the justice entered the following order:

> "1. Defendant's motion to dismiss be and hereby is conditionally granted.
> "2. Plaintiffs shall have up to and including October 9, 1975 to comply; otherwise said conditional order of dismissal shall become final and judgment shall enter forthwith for the defendant."

Following the conditional granting of defendant's motion to dismiss, plaintiffs again failed to answer defendant's interrogatories. On January 12, 1976, a judgment was entered dismissing plaintiffs' action with prejudice.

On December 8, 1976, plaintiffs' attorney withdrew from the case and new counsel entered his appearance. The plaintiffs also filed their answers to defendant's interrogatories on that date, as well as a motion to vacate judgment.

The motion to vacate was heard and denied on January 5, 1977, by another justice of the Superior Court who found that plaintiffs had not demonstrated excusable neglect under Super R. Civ. P. 60(b), which plaintiffs had attempted to demonstrate during the hearing by showing that plaintiffs' first counsel had suffered a loss of his records during a fire in November of 1975. The Superior Court justice found that plaintiffs had failed to offer any excuse for their failure to answer defendant's interrogatories prior to October 9, 1975, despite the fact that plaintiffs' first attorney had received notice of both defendant's motions and the court order conditionally granting the motion to dismiss. The plaintiffs appeal from this decision denying their motion to vacate.

It is well settled that a trial justice has the authority to dismiss an action or enter a judgment by default against any party who fails without good cause to answer interrogatories properly served upon him. Super R. Civ. P. 37(d); *Hodge* v. *Osteopathic Gen. Hosp.*, 105 R.I. 3, 249 A.2d 81 (1969). The entry of such a judgment rests in the sound discretion of the trial justice. *Id.*

Further, a motion to vacate such a judgment is addressed to the discretion of the justice having jurisdiction over the matter. We will not disturb his ruling absent a showing of abuse of discretion or error of law. *Prudential Inv. Corp.* v. *Porcaro*, 115 R.I. 117, 341 A.2d 720 (1975); *Stevens* v. *Gulf Oil Corp.*, 108 R.I. 209, 274 A.2d 163 (1971).

The plaintiffs allege that pursuant to Super R. Civ. P. 60(b)(1) their failure to answer defendant's interrogatories was due to the excusable neglect of their first counsel, and that the justice abused his discretion by refusing to grant their motion to vacate. We do not agree.

The plaintiffs offered no evidence to show excusable neglect other than to allege that their first attorney had suffered a fire in his office in November 1975, one month after the conditional order of dismissal had ripened into a final order. Furthermore, the answers were not filed until 13 months after the fire. This is clearly insufficient to explain their failure to answer the interrogatories within the time permitted under the rules and the additional time granted by the court.

Unexplained neglect, standing alone and without more, whether it be of a party or of his attorney, will not automatically excuse noncompliance with orderly procedures. *Bloom* v. *Trudeau*, 107 R.I. 303, 305, 266 A.2d 417, 418 (1970); *Fields* v. *S. & M. Foods, Inc.*, 105 R.I. 161, 162, 249 A.2d 892, 893 (1969); *King* v. *Brown*, 103 R.I. 154, 157, 235 A.2d 874, 875 (1967). The existence of excusable neglect is a question of fact to be proven by evidence. *Stevens* v. *Gulf Oil Corp.*, *supra* at 211, 274 A.2d at 164. The plaintiffs failed to offer any evidence to explain their failure to submit the

answers on or before October 9, 1975; therefore, they failed to demonstrate excusable neglect.

The plaintiffs next argue that the judgment below is void because defendant failed to serve written notice upon them at least three days prior to applying to the court for judgment. In support of this contention, plaintiffs rely upon Super. R. Civ. P. 55(b)(2). The defendant acknowledges that he merely submitted a judgment paper in his own behalf to the court which was entered by the clerk on January 12, 1976.

Any reliance by plaintiffs upon rule 55 is misplaced. Rule 55 relates exclusively to judgments entered by default. The judgment entered in this action was a dismissal of plaintiffs' claim with prejudice, not a default, and was properly presented pursuant to Super. R. Civ. P. 58(a)(2).

The final argument advanced by plaintiffs is that the justice ought to have vacated the judgment pursuant to Super. R. Civ. P. 60(b)(6), which permits the court to vacate a judgment for "any other reason justifying relief from the operation of the judgment." The provisions of this rule are available only in unique circumstances to prevent manifest injustice. *See Greco* v. *Safeco Ins. Co. of America,* 107 R.I. 195, 266 A.2d 50 (1970).

The record before us clearly shows that the plaintiffs relied exclusively upon rule 60(b)(1) at the hearing below. Nowhere in the transcript was any mention made of rule 60(b)(6). We therefore will not address this contention. *Stevens* v. *Gulf Oil Corp., supra* at 212, 274 A.2d at 165.

The plaintiffs' appeal is denied and dismissed, the order appealed from is affirmed and the case is remitted to the Superior Court.

*William J. Burke, William P. Butler, Francis X. Mackey,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Stephen B. Lang,* for defendant.