## GRAHAM ARCHITECTURAL PRODUCTS CORPORATION

v.

## M & J CONSTRUCTION CO., INC.

v.

## PROVIDENCE HOUSING AUTHORITY.

No. 83–454–Appeal.

Supreme Court of Rhode Island.

May 10, 1985.

Gerald C. DeMaria, Robert Jeffrey, Higgins Cavanagh & Cooney, Providence, for plaintiff.

Bernard P. Healy, Healy & Jones, John F. Cicilline, James A. Ruggiero, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant, Providence Housing Authority, from a judgment entered in the Superior Court denying its motion to vacate judgment pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure.

The facts briefly stated are as follows. The defendant entered into a contract with M & J Construction Co., Inc., for the sum of $23,906.86, to repair leaking windows at the Kilmartin Housing Project. M & J Construction Co., Inc., (M & J) in turn engaged Graham Architectual Products Corp., (Graham) as subcontractor to perform the sealing and caulking of the windows. The job was not performed satisfactorily. The numerous attempts to correct the problem failed. As a result, defendant refused to disburse funds until the deficiency was corrected.

Graham brought suit against M & J for payment, and M & J filed a third-party complaint against defendant Providence Housing Authority for contribution, indemnity and reimbursement.

Meanwhile, M & J hired Brunca Waterproofing to complete the job at a cost of $9,522. The work was completed in September 1981, whereupon M & J sought the contract price and an additional $9,522 from defendant. The defendant agreed to release the $23,906.86 contract price to M & J but refused to pay an additional $9,522.

Graham, the subcontractor, moved for summary judgment against M & J. The motion was granted by the trial justice for the amount of the contract price, less the $9,522 due Brunca. Interest was awarded from May 1977, for a total of $16,164.28. In response M & J moved for summary judgment against defendant. The motion was heard on September 23, 1982, despite the fact that defendant's counsel was engaged in trial. The defendant's counsel was not present when the motion was granted in the amount of $23,906.86, plus interest totaling over $15,000. Upon learning of the interest award, defendant moved to vacate judgment.

The motion to vacate was heard and denied on February 2, 1983. No timely appeal was taken from the order of summary judgment in favor of the plaintiff. The sole issue on appeal before this court is whether the trial justice abused his discretion in denying the motion to vacate pursuant to Rule 60(b).

■ We have repeatedly held that relief from judgment pursuant to Rule 60(b) is left to the sound discretion of the trial justice, and such a ruling will not be overturned absent a showing of abuse of discretion or an error of law. *Vitale v. Elliott*, 120 R.I. 328, 331, 387 A.2d 1379, 1381 (1978).

The defendant contends that because its attorney was engaged at trial when the summary-judgment motion was heard, this absence constituted a showing of excusable neglect sufficient to vacate the judgment. Averments to this effect could have been made to the trial justice at the hearing on the motion to vacate. However, defendant's attorney failed to demonstrate that he made any effort to reschedule this hearing, to have an associate cover the hearing for him, or otherwise to inform either the court or the opposing counsel of his conflicting responsibilities.

■ Unexplained neglect standing alone, and without more, will not justify granting a motion to vacate. *Vitale v. Elliott*, 120 R.I. at 331, 387 A.2d at 1381 (1978). The existence of excusable neglect is a question of fact and must be established by evidence. *Id.* We are unpersuaded that the trial justice made an error of law or abused his discretion.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.