[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on the plaintiff's motion to vacate judgment pursuant to R.C.P. 60(b)(6). The court held a hearing on this motion on July 30, 1991.
FACTS
The plaintiff originally filed a claim against the defendant in the Rhode Island District Court, Fifth Division on May 30, 1990, seeking $550.00.[1] The plaintiff signed a six-month residential lease on May 16, 1990, with the defendant to lease the premises at 64 Willow Street, Providence, Rhode Island. The plaintiff took possession of the above premises on May 23, 1990. Subsequently, on May 29, 1990, the plaintiff notified the defendant that she intended to withdraw from the lease she had signed 13 days earlier and was vacating the premises. The plaintiff put forward the following reasons that caused her to vacate the premises: the house was not livable; the building was inundated with "junkies"; and the building was broken into causing the plaintiff to suffer a substantial loss of personal possessions. On July 2, 1991, this court entered an order denying and dismissing the plaintiff's claim due to the fact that the plaintiff filed her claim against the wrong party.
ANALYSIS
Under Rule 60(b)(6), this court may set aside or vacate a judgment from a final order, judgment, or proceeding for any reason justifying relief from the operation of the judgment. However, in order to prevail under Rule 60(b)(6), a party must demonstrate the existence of unique circumstances to prevent manifest injustice. Vitale v. Elliott, 120 R.I. 328, 332,387 A.2d 1379, 1382 (1979); see also Greco v. Safeco Ins. Co. ofAmerica, 107 R.I. 195, 266 A.2d 50 (1970). These unique circumstances must place the case outside the normal and usual circumstances accompanying failures to comply with the rules.Bendix Corp. v. Norberg, 122 R.I. 155, 158, 404 A.2d 505, 506-507 (1979). According to Professor Kent, these circumstances must be extraordinary to justify relief. 1 Kent, R.I. Civ.Prac. § 60.08 at 456 (1969). Further, this court notes that a motion to vacate judgment is addressed to the sound discretion of the trial justice of first instance and will be reversed only upon a demonstrated and clear abuse of discretion. Chase v.Almardon Mills, Inc., 232 A.2d 390, 102 R.I. 579 (1967).
Applying the above holdings to the case at bar, this court finds that the plaintiff has not presented any evidence to demonstrate the existence of unique circumstances to prevent manifest injustice. Vitale, 120 R.I. at 332, 387 A.2d at 1382. The court is mindful that the plaintiff is pro se and unfamiliar with the rules of procedure, but this does not excuse the plaintiff's mistake in filing her lawsuit against the wrong party. The court in Gray v. Stillman White Co., Inc., wrote:
 Here plaintiffs moving to vacate the summary judgment entered against them are pro se litigants without training or expertise in legal matters and procedure. Although it is the right of plaintiffs to represent themselves, pro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very difficult task. Consequently, our courts have often exhibited leniency and provided assistance to those litigants who have chosen to present their own cases. Nevertheless, the courts of this state cannot and will not entirely overlook established rules of procedure, "adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch." O'Connor v. Solomon, 103 Conn. 744, 746, 131 A. 736, 736 (1926); see Rodriguez, 188 Conn. at 149-50 n. 8, 448 A.2d at 831 n. 8.
522 A.2d 737, 741.
Since the plaintiff has not been able to demonstrate extraordinary circumstances to justify relief, the plaintiff's motion to vacate judgment is denied. Counsel shall prepare an Order.
[1] This amount is for a security deposit of $275.00 and one month's rent for the same amount.