[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is Alfred Tamburro's ("defendant") motion to submit additional evidence with respect to his defense of improper service in the above-entitled case. After considering this evidence, the motion shall be treated as a motion to vacate pursuant to Super. Ct. R. Civ. P. Rule 60(b). Defendant has also filed a motion to proceed in forma pauperis.
FACTS
On March 29, 1990, Billy Bailey and Martha Bailey ("plaintiffs") filed this complaint seeking compensation for damages done to their car. Plaintiffs served defendant by leaving the summons with defendant's mother at 132 Foote Street in Barrington, R.I. After defendant failed to respond to the summons and complaint, the court entered default judgment on May 7, 1990. On July 5, 1990, plaintiffs filed a motion for entry of final judgment.
Defendant, acting pro se, filed an answer to the complaint on July 23, 1990, two months after entry of default judgment. In his answer, defendant asserted that he never received proper service because he was residing in Florida. Defendant also filed a motion to proceed in forma pauperis. The court entered final judgment on August 16, 1990.
Pursuant to Rule 60, defendant filed a motion to vacate judgment on July 16, 1991. In his affidavit in support of the motion, defendant reasserted his claim of improper service of process. On September 9, 1991, defendant filed the instant motions to submit additional evidence and proceed in forma pauperis. This court denied the motion to vacate judgment on September 19, 1991. However, this court notes that the motions currently before the court, though filed with the clerk on September 9, 1991, did not come to the attention of the court until after its decision to deny the motion to vacate. Accordingly, defendant's motion to submit additional evidence shall be treated as a motion to vacate.
DISCUSSION
A party may obtain relief from final judgment pursuant to Rule 60. Section (b)(6) of the rule grants the court authority to vacate a judgment or order for "any other reason justifying relief from operation of the judgment." Relief from judgment under this section is appropriate only in "unique circumstances" where application of the rule would "prevent manifest injustice."Vitale v. Elliot, 387 A.2d 1379, 1382 (R.I. 1978); BendixCorp. v. Norberg, 404 A.2d 505 (R.I. 1979). Additionally, a party seeking to set aside a default judgment under Rule 60 must demonstrate a sufficient reason for failing to plead or defend,Vitale, supra, at 1381, and submit facts constituting a meritorious claim or defense. Metcalf v. Cerio, 235 A.2d 669
(R.I. 1967).
After careful consideration of the additional evidence submitted by defendant, this court is satisfied that the facts of the instant case constitute "unique circumstances" meriting the application of Rule 60. This court further finds that defendant has met the requirements for setting aside default judgment, namely improper service of process.
Accordingly, this court vacates its prior judgment denying defendant's motion to vacate and pursuant to Super. Ct. R. Civ. P. Rule 55 and Rule 60(b)(6) grants defendant's instant motion to vacate the judgment entered on August 16, 1990.
Defendant has also moved for permission to proceed in forma pauperis. Courts have the inherent power to remit fees and allow a civil litigant to proceed in forma pauperis. Silvestro v.Almonte, 484 A.2d 900 (R.I. 1989). The power to remit fees is discretionary and the burden of proving indigency is on the moving party. State v. Byrnes, 404 A.2d 495 (R.I. 1979).
Defendant has stated that he was living out of his car and that his only means of support is government assistance. This court is satisfied that the facts presented in defendant's affidavit satisfy the burden of proving his indigency. Accordingly, defendant's motion to proceed in forma pauperis is granted.
Counsel shall prepare an order in conformity with this decision.