DECISION
The Defendant, Roger Williams Medical (Defendant), moves this Court to dismiss the appeal of Plaintiffs Kenneth J. Gianquitti and Denise Gianquitti (Plaintiffs) in the above-entitled action for failure to cause timely transmission of the record for appeal. Defendant Atwood Medical Associates, Ltd. joins in Defendant's motion to dismiss. The Plaintiffs have objected to this motion to dismiss. Jurisdiction is pursuant to Article I, Rules 11(f) and Rule 12(c), of the Supreme Court Rules of Appellate Procedure.
In this matter, the Plaintiffs filed their notice of appeal on February 2, 2005. On March 31, 2006, approximately fourteen months thereafter, Plaintiffs filed with the Supreme Court their first motion to extend time for transmittal of the record in the Superior Court. On April 4, 2006, the Defendants moved to dismiss the appeal for failure to timely transmit the record pursuant to Article I, Rule 12(c), of the Supreme Court Rules of Appellate Procedure.
In a letter dated April 5, 2006, the Plaintiffs then asked this Court to defer hearing and decision on the motion to dismiss until the Supreme Court acts on the pending Motion to Extend Time for Transmission of the Record. Along with their request, the Plaintiffs attached a copy of their motion to extend time, filed with the Supreme Court on March 31, 2006, and a bench copy of the their objection to the within motion to dismiss, filed by the Plaintiffs in Superior Court on April 5, 2006.
The Supreme Court Rule of Appellate Procedure, Article I, Rule 11(f) (hereinafter, Rule 11(f)), provides that "[f]rom the time of the filing of notice of appeal, the Supreme Court and trial courts shall have concurrent jurisdiction to supervise the course of said appeal and to promulgate orders of dismissal of appeal for failure to comply with these rules, either upon motion of a party or upon the court's own motion." Said concurrent jurisdiction regarding orders of dismissal for failure to comply with the rules becomes exclusive jurisdiction with the Supreme Court upon the docketing of the appeal:
 "From the time of the docketing of an appeal in the Supreme Court, said Court shall have exclusive jurisdiction to supervise the further course of such appeal and enter such orders as may be appropriate, including orders of dismissal for failure to comply with these rules, either on motion or a party or on its own motion." See Rule 11(f).
The Supreme Court Docket Sheet in this matter reflects that the appeal has not yet been docketed. Accordingly, this Superior Court retains jurisdiction over the within motion to dismiss for failure to timely transmit the record. See David A. Wollin, Esq., "Rules of Appellate Procedure with Commentaries," § 11.3, in Rhode Island Civil and Appellate Procedure (Robert B. Kent et al., 2006) (noting that "after the notice of appeal has been filed, and prior to docketing of the case in the Supreme Court, both the trial court and the Supreme Court have concurrent jurisdiction to supervise the course of the appeal and to order dismissal of the case for failure to comply with these Rules").
Rule 11(a), in pertinent and relevant part, requires that "the record on appeal, including the transcript necessary for the determination of the appeal, shall be transmitted to the Supreme Court within sixty (60) days after the filing of the notice of appeal." Section (f) of Rule 11 affords relief to an appellant who is unable to comply with such a deadline. Rule 11(f), in pertinent part, requires that "[m]otions for extensions of time for transmission of the record . . . shall be submitted in the first instance to the trial court in accordance with Rules 10(f) and 11(c)." Significantly, Rule 11(c) mandates that "request for extension must be made within the time originally prescribed or within an extension previously granted, and the trial court shall not extend the time to a day more than ninety (90) days from the date of filing of the first notice of appeal."
The Superior Court and Supreme Court docket sheets substantiate that the Plaintiffs did not cause to have the record transmitted within 60 days of filing the notice of appeal. Plaintiffs filed their notice of appeal on February 2, 2005, but the Superior Court docket sheet indicates that an "ORDER FOR TRANSCRIPT FROM THE ADMINISTRATION OFFICE" was made on 3/31/2006, well outside the 60 day transmission time for transmission of the record and even further outside the required 20 day time period for ordering the transcript after the February 2, 2005 notice of appeal. Furthermore, the Plaintiffs did not "in the first instance" make a request for an extension of time to this Court or more problematically, a request for an extension of time within that 60 day period as required by Rule 11(c). The record and docket sheets further reflect that Plaintiffs made their motion to extend time for transmittal of the records to the Supreme Court on March 31, 2006. It is well-settled that "the motion for extension must be made before the 60-day deadline or a previous extension has expired." Kent et al., Rules of AppellateProcedure with Commentaries, supra, § 11.3. The Plaintiffs' March 31, 2006 date of request to the Supreme Court for an extension well exceeds the permissible time for making such a request to this Court either within the 60 day original time frame or within some extension thereof.
Additionally, Provisional Rule A(5) of the Mediation Session Procedures does not here assist Plaintiffs with respect to either transmitting the record or seeking an extension of time for transmitting same. With respect to mediation of a Supreme Court Case, Rule A(5) provides: "the ordering of the transcript in respect to cases eligible for and referred to mediation, shall be extended to a date sixty (60) days from the filing of the notice of appeal. This extension may be modified by special order issued by the mediator-justice or any other justice of the Supreme Court." As no special order here issued, the Plaintiffs were required to observe the 60 day rule.
Rule 12(c) of the Supreme Court Rules of Appellate Procedure, with respect to this Court's jurisdiction, provides that "[i]f the appellant shall fail to cause timely transmission of the record, any appellee may file a motion in the trial court to dismiss the appeal." In response to the Defendant's motion to dismiss presently before this Court, the Plaintiffs have objected thereto and request this Court to defer ruling on the within motion. In objecting to the Defendant's motion to dismiss, the Plaintiffs have both submitted to this Court and presently rely on their Motion to Extend time for Transmission of the Record, which was filed with the Supreme Court. Plaintiffs state that due to excusable neglect, namely "oversight on the part of counsel," essentially with respect to the procedures involving Appellate Mediation, they "inadvertently" did not order a transcript within the required 20 days after filing their notice of Appeal and did not cause the record to be transmitted to the Supreme Court within the required 60 days of the filing of said notice.
This Court notes Plaintiffs have failed to make a timely request for an extension of time for transmission of the record and to make such request to the trial court pursuant to Rule 11(f). "It is well-settled that the" 60 day time limit for transmitting the record and any extension of same pursuant to a Rule 11 (c) motion "are not mere formalities," Hattie CarnegieIndustries, Inc., v. Lopreato, 333 A. 2d 145, 149, 114 R.I. 319,326 (1975), and insures "orderly compliance with the appeals process." Kent et al., supra, § 11.3. As the request for extension was neither timely made nor made to the trial court in the first instance, this Court need not but will consider the excusable neglect standard.
With respect to Plaintiffs' relying on the excusable neglect standard as the basis for their objection to the motion to dismiss, it is well-settled that excusable neglect in the context of a party's failing to timely transmit the transcript is "`a failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the courtroom but in consequence of some unexpected or unavoidable hindrance or accident.'" Jacksonbay Builders, Inc. v. Azarmi et al.,869 A.2d 580, 584 (R.I. 2005) (quoting Small Business Loan FundCorporation v. Gallant, 795 A.2d 531, 533 (R.I. 2002) (further citation omitted)). Plaintiffs have articulated counsel's discovering on April 5, 2005 that the transcript order form had been prepared but not filed with the Superior Court in the proper time, coupled with counsel's "oversight" in not requiring the transcript to be ordered within 60 days of their filing of the notice of appeal, to constitute excusable neglect. This Court is mindful that "unexplained neglect whether by a party or its counsel, standing alone, will not automatically excuse noncompliance with orderly procedural requirements." JacksonbayBuilders, Inc., 369 A.2d at 584 (quoting Astors' Beechwood,659 A.2d at 115 (citation omitted)); see also Kent et al,supra, § 11.3. ("Unexplained neglect by counsel or a party, standing alone, will not suffice."). For example, in Procopio v.PRM Concrete Corporation, 711 A.2d 650 (R.I. 1998), a litigant indicated on his notice of appeal that a transcript would be ordered but neither ordered the transcript nor informed the clerk that a transcript was not needed eight months after the filing of the notice of appeal. Our Supreme Court, in not finding excusable neglect and affirming the trial court's dismissal of said appeal, ruled that the litigant had failed to perfect his appeal and was the "sole cause behind the delay in transmission" of the record within the required 60 days. Id. at 651. Again, in SmallBusiness Loan Fund, our Supreme Court, in upholding a trial court's dismissal of an action pursuant to Rule 11, did not regard as excusable neglect a litigant's relying on a Superior Court Clerk's erroneous advice not to forward a transcript for an appeal and thus not timely transmitting the record.795 A.2d at 531; see also Daniel v. Cross, 749 A.2d 6 (R.I. 2000) (neglect of an office administrator to file the transcript order before she left for maternity leave did not warrant a finding of excusable neglect).
"`The existence of excusable neglect is a question of fact and must be established by evidence.'" Cournoyer v. Doorley,697 A.2d 332, 333 (R.I. 1997) (quoting Graham Architectural ProductsCorp., v. M J Construction Co., 492 A.2d 150, 151 (R.I. 1985)). This Court finds that the Plaintiffs have not met their burden of presenting evidence of excusable neglect; that is neglect "occasioned by some extenuating circumstances of sufficient significance to render it excusable" Id. at 9 (quoting Fields v. S M Foods, Inc., 105 R.I. 161, 162,249 A.2d 892, 893 (1969)).
Accordingly, the Defendant's motion to dismiss for failure to have the record transmitted within the required 60 days and to timely file a request for an extension thereof is hereby granted. Counsel shall submit the appropriate order for entry.