January 30, 2024

**Supreme Court**

No. 2022-306-Appeal.
(PC 17-1108)

Andre Howell, in his capacity as     :
Treasurer of the Urban League of
Rhode Island, Inc.

v.     :

Urban League of Rhode Island, Inc.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Andre Howell, in his capacity as   :
Treasurer of the Urban League of
Rhode Island, Inc.

             v.              :

Urban League of Rhode Island, Inc.   :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.** The appellant, Julie Longtin, appeals from

a September 9, 2022 order of the Superior Court denying her motion based on Rule

60(b) of the Superior Court Rules of Civil Procedure, in which she sought relief from

the order of June 30, 2022 that denied her proof of claim in a receivership proceeding

on the grounds that she lacked standing.[1] Ms. Longtin contends that the hearing

justice erred in denying her Rule 60(b) motion because (1) the hearing justice

overlooked and misconceived the evidence and (2) because the hearing justice

"misapplied" the statute at issue (G.L. 1956 § 34-49-3), construing it in a manner

---

[1] Although at one point during oral argument on the motion, Ms. Longtin's counsel seemed to limit his argument to Rule 60(b)(6) of the Superior Court Rules of Civil Procedure, it can be inferred from the entire record that he also sought to invoke Rule 60(b)(1). Accordingly, we shall address both of those subsections of Rule 60(b).

that resulted in "an absurd result."

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after carefully reviewing the record, we are of the opinion that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

### Facts and Travel

On March 9, 2017, plaintiff Andre Howell, in his capacity as treasurer of the Urban League of Rhode Island, Inc. (Urban League), filed a petition in the Superior Court seeking the appointment of a receiver for the Urban League. On April 21, 2017, an attorney was appointed as the permanent receiver.

On July 17, 2017, appellant filed a proof of claim in the receivership proceeding, stating that she was "individually making this claim" for the amount allegedly "due to [her] former company." The appellant indicated in her proof of claim that said "former company" was "Antari Properties, LLC" (Antari),[2] which company she alleged had "entered into a binding Exclusive Right to Sell/Listing

---

[2]    Antari's corporate charter was revoked by the Secretary of State on June 1, 2015—i.e., long before the receivership proceeding was commenced.

Authorization Agreement * * * to list" the Urban League's real property located at 246 Prairie Avenue in Providence, Rhode Island. She further alleged that, in view of the fact that she had been "the sole member/owner of Antari," she was entitled to a sales commission because she had found a ready, willing, and able buyer. The hearing justice carefully considered the factual and legal arguments relative to appellant's proof of claim and then denied same in an order entered on June 30, 2022. The appellant's proof of claim was denied on the grounds that she lacked standing to make a claim.[3] The June 30 order explicitly stated: "Claimant lacks standing to assert a proof of claim in this matter."

On July 20, 2022, appellant filed a motion pursuant to Rule 60(b) seeking relief from the June 30, 2022 order.[4] In support of her motion, appellant presented

---

[3] The hearing justice stated that the basis for his ruling was the fact that Ms. Longtin had "presented absolutely no evidence to support the contentions contained in her Proof of Claim * * *."

[4] On August 24, 2022 (several weeks *after* she filed her Rule 60(b) motion), Ms. Longtin filed a notice of appeal of the June 30 order. On October 11, 2022, the receiver filed a motion to dismiss the appeal, contending that the appeal was untimely. Ms. Longtin objected to that motion, contending that the June 30 order was interlocutory and therefore did not have to be appealed from within twenty days from the entry of the order. In any event, the motion to dismiss the appeal was granted by this Court on December 16, 2022.
We need not decide in the context of this case whether the June 30 order was appealable when said order was entered, although we do note that the June 30 denial of appellant's proof of claim was certainly final as to her. *See generally McAuslan v. McAuslan*, 34 R.I. 462, 83 A. 837 (1912). The plain, blunt fact is that appellant deliberately opted to file an appeal and that that appeal was in due course dismissed.

the hearing justice with a legal argument as to why (in her view) he erred in issuing the June 30, 2022 order, which had denied her proof of claim for lack of standing. On August 2, 2022, a hearing was held on Ms. Longtin's Rule 60(b) motion. The hearing justice found that Ms. Longtin had not demonstrated excusable neglect or pointed to new evidence. He also found that all the facts alluded to in the Rule 60(b) motion had been available to her before she filed the motion. Accordingly, the hearing justice concluded that Rule 60(b) relief was not warranted. On September 9, 2022, the order denying appellant's Rule 60(b) motion was entered, and she thereafter filed a timely notice of appeal from that order.

## II

### Standard of Review

Our review of a Rule 60(b) motion "is limited to examining the correctness of the order granting or denying the motion, not the correctness of the original judgment." *Santos v. D. Laikos, Inc.*, 139 A.3d 394, 398 (R.I. 2016) (quoting *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 187 (R.I. 2008)).

We have also clearly stated that "Rule 60(b) does not constitute a vehicle for the motion justice to reconsider the previous judgments in light of later-discovered legal authority * * *." *Jackson v. Medical Coaches*, 734 A.2d 502, 505 (R.I. 1999). A Rule 60(b) motion is addressed to a hearing justice's sound discretion, and we will not ordinarily overturn a ruling with respect to such a motion unless there has been

- 4 -

an abuse of discretion. *See McLaughlin v. Zoning Board of Review of Town of Tiverton*, 186 A.3d 597, 606 (R.I. 2018).

## III

## Analysis

On appeal, appellant argues that her Rule 60(b) motion should have been granted, contending that, when he denied her proof of claim, the hearing justice "overlooked and misconceived the evidence" and that he "misapplied the statute," construing it in a manner that resulted in "an absurd result." However, it is not the ruling on appellant's proof of claim in the receivership action that is properly before us, but rather the hearing justice's denial of appellant's motion for relief under Rule 60(b). Therefore, we limit our review to the correctness of the hearing justice's denial of the Rule 60(b) motion.

At the hearing on her Rule 60(b) motion, appellant's counsel implicitly invoked Rule 60(b)(1) by arguing that the June 30, 2022 order was the result of what he characterized as "a natural mistake of law" and "a justifiable mistake" on the part of the hearing justice because (in counsel's view) the statute, applied as it was written, led to "an absurd result."

Rule 60(b)(1) provides the hearing justice with discretionary authority to relieve an appellant from an order because of "[m]istake, inadvertence, surprise, or

excusable neglect."[5]  However, we have held that a mistake of law "is not the kind of 'mistake' that is included within the coverage of that term as it is used in Rule 60(b)(1)." *Jackson*, 734 A.2d at 507; *see Allstate Insurance Company v. Lombardi*, 773 A.2d 864, 870 (R.I. 2001); *see also* Robert B. Kent et al., *Rhode Island Civil Procedure* § 60:3, I-575 (West 2022).  Accordingly, we perceive absolutely no abuse of discretion in the hearing justice's denial of relief under Rule 60(b)(1).

At the hearing on her Rule 60(b) motion, the appellant also invoked Rule 60(b)(6), which authorizes a hearing justice to grant relief from an order for "[a]ny other reason justifying relief * * *."  However, we have clearly indicated that the just-quoted phrase "is not intended to constitute a catchall." *Jackson*, 734 A.2d at 505 (quoting *Bendix Corp. v. Norberg*, 122 R.I. 155, 158, 404 A.2d 505, 506 (1979)).  Indeed, we rarely vacate a judgment or an order under Rule 60(b)(6), and we do so "only in unique circumstances to prevent manifest injustice." *Bailey v. Algonquin Gas Transmission Company*, 788 A.2d 478, 482 (R.I. 2002) (quoting *Vitale v. Elliott*, 120 R.I. 328, 332, 387 A.2d 1379, 1382 (1978)); *see McLaughlin*, 186 A.3d at 609 (explaining that "circumstances must be extraordinary to justify relief") (quoting *Allen v. South County Hospital*, 945 A.2d 289, 297 (R.I. 2008)).  We have

---

[5]      Although appellant's counsel never explicitly so stated during the lengthy Rule 60(b) hearing, we infer from the context that he was contending that there had been excusable neglect on the part of the hearing justice when he interpreted and applied G.L. 1956 § 34-49-3.

carefully reviewed the record in this case, giving particular attention to the transcript of the hearing justice's exhaustive hearing on the appellant's Rule 60(b) motion. It is clear to us, based on our review of the record and of the just-referenced transcript, that there is nothing unique or extraordinary about this case and nothing about the June 30, 2022 order that has resulted in manifest injustice. Accordingly, we have no hesitation in ruling that the hearing justice did not abuse his discretion in denying the motion for relief under Rule 60(b)(6).

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the Superior Court's order denying the appellant's Rule 60(b) motion. The record in this case may be remanded to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Andre Howell, in his capacity as Treasurer of the Urban League of Rhode Island, Inc. v. Urban League of Rhode Island, Inc. |
| **Case Number** | No. 2022-306-Appeal. (PC 17-1108) |
| **Date Opinion Filed** | January 30, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Appellant: Michael J. Gardiner, Esq. |
| | For Appellee: Alden Harrington, Esq. |

SU-CMS-02A (revised November 2022)