July 12, 2024

**Supreme Court**

No. 2022-333-Appeal.
No. 2022-303-Appeal.
(KD 22-335)

Red Gate Motel, Inc.  :

v.  :

Jo-Ann Albanese.  :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

**Supreme Court**

No. 2022-333-Appeal.
No. 2022-303-Appeal.
(KD 22-335)

Red Gate Motel, Inc.              :

v.              :

Jo-Ann Albanese.              :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court**. In these consolidated appeals arising from a landlord-tenant eviction action, the defendant, Jo-Ann Albanese (defendant or Ms. Albanese), appeals *pro se* from (1) a Superior Court judgment awarding possession and damages to the plaintiff, Red Gate Motel, Inc. (plaintiff or Red Gate), (2) the denial of her motion to vacate that judgment, and (3) the denial of her motion to reconsider the motion to vacate.

These consolidated cases came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in these appeals should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this appeal without further briefing or argument. For the

- 1 -

reasons set forth in this opinion, we affirm the judgment and orders of the Superior Court.

## Facts and Procedural History

Ms. Albanese provided this Court with incomplete transcripts of the lower court proceedings and, therefore, the following relevant facts were gleaned from the pertinent docket entries and documents found in the record.[1]  On June 28, 2021, Red Gate sent Ms. Albanese a notice of termination demanding that she vacate Apartment 2 at 35 Kingsley Avenue in North Kingstown, Rhode Island (the property), by August 1, 2021.  Ms. Albanese failed to vacate the property by August 1, 2021, and still dispatched a rent payment for the month of August to Red Gate.  After returning Ms. Albanese's uncashed rent payment, Red Gate filed an eviction complaint in District Court for possession and monetary damages.  At the close of the District Court proceedings, the trial judge ruled in favor of Red Gate and entered a judgment against Ms. Albanese for possession and damages.  Ms.

---

[1] Ms. Albanese provided this Court with the following documents from the lower court's records: an excerpt of the transcript of the July 18, 2022 hearing on Ms. Albanese's motion to dismiss; the trial transcript of the direct examination of Red Gate's witness, Francis M. Dwyer, on July 18, 2022; an excerpt from the trial transcript of the cross-examination of Francis M. Dwyer on July 19, 2022; the hearing transcript of Ms. Albanese's motion to vacate the judgment of damages against her on August 11, 2022; and the hearing transcript of Ms. Albanese's motions to reconsider her motion to vacate and to stay the Superior Court judgment while her appeal was pending with this Court, which were heard on August 23, 2022.

Albanese filed a timely notice of appeal to the Superior Court pursuant to G.L. 1956 § 9-12-10.1 thereafter.

Prior to the commencement of the trial in Superior Court, Ms. Albanese filed several motions, including a motion to dismiss the eviction action based on her argument that Red Gate accepted her August rent payment but did not provide proper notice to reserve its right to continue with termination of the tenancy under G.L. 1956 § 34-18-41. The trial justice decided to hold Ms. Albanese's motion to dismiss in abeyance and, in doing so, reasoned that whether Red Gate provided proper notice was a matter of proof.

The eviction trial in the Superior Court began on July 18, 2022, and spanned five days. At the outset, the trial justice informed Ms. Albanese that she would defer ruling on her motion to dismiss until she heard all of the evidence. Ms. Albanese has not provided this Court with the complete transcript of the Superior Court proceedings; however, she did provide an excerpt from her cross-examination of the president of Red Gate, Francis M. Dwyer (Mr. Dwyer). During cross-examination, Ms. Albanese asked about Mr. Dwyer's prior testimony in District Court wherein he allegedly testified that he pursued eviction because Ms. Albanese complained about a neighbor; Mr. Dwyer denied that he ever made such a statement. Thereafter, Ms. Albanese stated on the record that she had a recording of Mr. Dwyer making the alleged admission and asked the trial justice for permission to introduce the

recording as evidence. Ms. Albanese then asked to "save" the recording for "when we come back next time" and the trial justice agreed; however, our abbreviated record does not indicate whether Ms. Albanese ever entered the recording into evidence at trial. On July 25, 2022, the fifth and final day of trial, Ms. Albanese drove herself to the hospital due to an alleged medical crisis, leading to her absence from that day's Superior Court proceedings. That same day, in Ms. Albanese's absence, the trial justice rendered a bench decision and entered a judgment awarding possession and damages to Red Gate in the amount of $6,000.

Following the trial justice's ruling, Ms. Albanese filed a motion to vacate the Superior Court judgment in favor of Red Gate and asserted that her hospital stay made it impossible for her to fully and effectively argue her case. At the hearing on the motion to vacate, Ms. Albanese contended that her primary-care physician faxed medical reports to the court to explain and confirm her absence from court that day. After hearing arguments from both parties, the trial justice denied Ms. Albanese's motion to vacate the judgment.

Ms. Albanese subsequently filed a motion to reconsider her motion to vacate and a motion to stay, claiming that she had additional medical evidence to present to the court. The additional documentation included four exhibits, which were all submitted for the purpose of establishing that Ms. Albanese's absence from court on the final day of trial resulted from her doctor's recommendation that she go to the

emergency room for evaluation of reported neurological symptoms that may have possibly indicated a stroke. The trial justice denied Ms. Albanese's motions and she filed timely notices of appeal to this Court thereafter.

**Standard of Review**

This Court applies a deferential standard of review to the factual findings of a Superior Court justice sitting without a jury. *Vilbon v. Vargas*, 306 A.3d 446, 448 (R.I. 2023). We will not disturb the trial justice's findings absent a showing that she or he overlooked or misconceived material evidence, or clearly erred in coming to her or his decision. *Id.* Moreover, we give deference to the inferences and conclusions drawn by the trial justice from the testimony and evidence presented. *Rhode Island Depositors Economic Protection Corporation v. Bowen Court Associates*, 763 A.2d 1005, 1007 (R.I. 2001).

When reviewing a lower court's decision denying a motion to vacate a judgment, we limit our evaluation to the correctness of the order denying the motion; we do not evaluate the correctness of the original judgment. *Vilbon*, 306 A.3d at 448. We will not disturb a decision granting or denying a motion to vacate unless the movant can show that the trial justice abused her discretion. *Id.*

The Superior Court Rules of Civil Procedure do not provide for a motion to reconsider; however, this Court has held that motions to reconsider operate under the same standard of review as motions to vacate pursuant to Rule 60(b) of the

- 5 -

Superior Court Rules of Civil Procedure. *Atmed Treatment Center, Inc. v. Travelers Indemnity Company*, 285 A.3d 352, 361 (R.I. 2022).

**Discussion**

Ms. Albanese raises several issues on appeal.[2] She argues that (1) the trial justice abused her discretion by not "afford[ing] her a full opportunity to be heard" on her retaliatory defense during the Superior Court trial; (2) the trial justice abused her discretion by denying Ms. Albanese's motions to vacate and to reconsider because she failed to acknowledge Ms. Albanese's doctor's order that she go to the emergency room on the last day of the Superior Court trial; and (3) the trial justice abused her discretion by denying Ms. Albanese's motions because she relied on incomplete or inadequate information in coming to her decision. We disagree with Ms. Albanese's assignments of error and address each of them in turn.

This Court's examination of the record leads us to reject Ms. Albanese's assertion that the trial justice did not allow her the full opportunity to be heard on her retaliatory defense, primarily because Ms. Albanese has failed to provide the full trial court transcript to corroborate such a claim. Specifically, Ms. Albanese asserts

---

[2] The defendant asserts that "[t]here were many errors made in this case[,] * * * both in the District Court as well as Superior Court." However, any alleged errors made in the District Court are not before this Court on appeal because "an appeal to the Superior Court in landlord-tenant actions proceeds on a *de novo* basis." *Naughton v. Guilloteau*, 219 A.3d 742, 742 (R.I. 2019) (mem.) (quoting *Bernier v. Lombardi*, 793 A.2d 201, 202 (R.I. 2002)).

that the Superior Court barred the admission of a recording from the parties' District Court proceedings in which a witness for Red Gate, Mr. Dwyer, allegedly admitted that he pursued eviction of Ms. Albanese because of her complaints about a downstairs neighbor. Mr. Dwyer denied admitting to such a statement and Ms. Albanese received permission from the trial justice to introduce audio evidence of the purported admission; however, our lack of a complete record of the trial proceedings precludes us from determining if, or how, the trial justice limited Ms. Albanese's further exploration of the matter. We reiterate that an appellant's decision to pursue an appeal "without providing [this] Court with a transcript of the proceedings in the trial court is risky business." *731 Airport Associates v. H & M Realty Associates, LLC*, 799 A.2d 279, 282 (R.I. 2002). Nonetheless, given the trial justice's initial allowance of such evidence in response to Ms. Albanese's request, we fail to see how the trial justice denied Ms. Albanese the chance to argue a retaliatory defense.

We also discern no abuse of discretion in the trial justice's decision denying Ms. Albanese's motion to vacate pursuant to Rule 60(b), which provides the following, in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons:

> "(1) Mistake, inadvertence, surprise, or excusable neglect;

"(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

"(3) Fraud, misrepresentation, or other misconduct of an adverse party;

"* * *

"(6) Any other reason justifying relief from the operation of the judgment."[3]

A motion to vacate based on excusable neglect will not be granted, however, unless it is first established that the movant's neglect was a result of some extenuating circumstance that was out of her or his control. *Boranian v. Richer*, 983 A.2d 834, 840 (R.I. 2009). Furthermore, Rule 60(b)(6) is not intended as a catchall; a court will vacate a judgment on that ground only "in unique circumstances to prevent manifest injustice." *Bailey v. Algonquin Gas Transmission Company*, 788 A.2d 478, 482-83 (R.I. 2002) (quoting *Vitale v. Elliott*, 120 R.I. 328, 332, 387 A.2d 1379, 1382 (1978)).

---

[3] Although Ms. Albanese asserts that she filed her motion to vacate pursuant to Rules 60(b)(1), (2), (3), and (6) of the Superior Court Rules of Civil Procedure, the provisions under Rule 60(b)(1) and Rule 60(b)(6) are seemingly the only provisions that are applicable to her arguments in the instant appeal; she neither points to any newly discovered evidence nor alleges any fraud, misrepresentation, or other misconduct on the part of Red Gate. We limit our review accordingly.

The trial justice supportably found that defendant's absence from court on the last day of trial was a result of her purposeful delay of the proceedings. Ms. Albanese stated that she was experiencing vertigo and poor equilibrium symptoms (the same symptoms that sent her to the hospital on the last day of trial) since the beginning of trial on July 18, 2022; however, the trial justice, who is familiar with defendant and her baseline comportment, observed that defendant was "totally functional here [in court], physically and mentally, and intellectually, * * * [and] had no coordination problems moving around the courtroom" despite her statements to the contrary. The trial justice determined that, rather than seeking emergency services on Thursday or Friday when court was not in session, or over the weekend prior to the last day of trial, Ms. Albanese waited to seek such services until she was expected in court on July 25, 2022. Given the deference we afford the trial justice sitting without a jury, and because Ms. Albanese makes no reference to any manifest injustice present in the proceedings before us, we are satisfied that the trial justice's denial of Ms. Albanese's motion to vacate was not an abuse of discretion.

Moreover, we are also satisfied that the trial justice did not abuse her discretion in denying Ms. Albanese's motion to reconsider her motion to vacate. In providing her reasoning for the denial, the trial justice noted that the hospital record—which showed stable vital signs, no acute distress, and no evidence of a stroke—served to corroborate the fact that Ms. Albanese "waited to present herself

- 9 -

to the ER on that Monday when the trial was to recommence." Furthermore, in denying Ms. Albanese's motion, the trial justice referenced an incident reported to her by the courtroom sheriff, John Ryan. The trial justice elaborated that Ms. Albanese told Sheriff Ryan that she knew she would lose her case, but planned to "drag this out because Mr. Dwyer is going to have to pay the legal bills for all of the hours his attorney is here. That is going to cost him." Based on the abbreviated record before us, and recognizing the trial justice's familiarity with the parties, their credibility, and the case as a whole, we cannot say that the trial justice abused her discretion in denying Ms. Albanese's motion to reconsider her motion to vacate.

Nevertheless, Ms. Albanese argues that her due-process rights were "substantially prejudiced" at trial because she was disallowed from presenting her case in its entirety. We certainly agree that procedural due process, at a minimum, requires that a litigant be given the opportunity to be heard and to raise objections in legal proceedings to which they are a party. *Wilmington Savings Fund Society v. Power Realty, RIGP*, 311 A.3d 694, 697 (R.I. 2024). However, we will not evaluate the constitutionality of process in this case absent the ability to reference the lower-court record. We also reject the assertion by Ms. Albanese that her motion to dismiss was not ruled on during the Superior Court trial: the trial justice effectively denied her motion to dismiss when she entered final judgment for possession and damages in favor of plaintiff. *Cf. Martino v. Ronci*, 667 A.2d 287, 288 (R.I. 1995)

(concluding that a final judgment "completely terminates the litigation between the parties").

In sum, the lack of a complete transcript in the case before us precludes our meaningful and thorough review of Ms. Albanese's arguments. Notwithstanding the incomplete transcript, we conclude that the abbreviated record does not indicate that the trial justice abused her discretion or misconceived or overlooked material evidence.

### Conclusion

Based on the foregoing, we affirm the judgment and orders of the Superior Court and remand the record in this case.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Red Gate Motel, Inc. v. Jo-Ann Albanese. |
| **Case Number** | No. 2022-333-Appeal. (KD 22-335)<br>No. 2022-303-Appeal. |
| **Date Opinion Filed** | July 12, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Melanie Wilk Thunberg |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>David A. Ursillo, Esq. |
| | For Defendant:<br><br>Jo-Ann Albanese, *pro se* |